### TAYLOR and others v. CHARTER OAK LIFE INS. Co.

*(Circuit Court, D. Iowa    January, 1882.)*

1. BILL OF REVIEW—TIME OF FILING.

   A bill of review for errors apparent upon the face of the record will not lie after the time within which a writ of error could be brought.

2. SAME—INJUNCTION REFUSED.

   Where it is not made to appear that complainant was prejudiced by a supplemental decree, relief by injunction cannot be granted because of matters contained in such decree.

3. SAME—PARTIES BOUND BY RECORD.

   The parties to a suit in equity are bound by matters of record, and cannot be heard to complain that they were not advised of the contents of a decree passed in such suit, in time to appeal therefrom or take other steps to have such decree set aside or reversed.

In Equity.

*Cole & Cole,* for complainants.

*Nourse & Kauffman,* for respondents.

McCRARY, J.   So far as the original decree is concerned, this is a bill of review, brought for the purpose of reversing or modifying said decree, by reason of errors appearing upon the face thereof. These errors are stated in the bill to be—

(1) In this, that interest was calculated upon the several bonds sued on at the rate of 10 per cent. per annum, whereas, under the laws of Iowa, said complainants were not entitled to any interest thereon, because of the fact that there was usury embraced in the said several bonds. (2) In that by the laws of Iowa the said Taylor and wife were entitled to have said real estate sold, subject to their right to redeem the same at any time within one year after the sale, and said decree did not reserve this right, whereby they were greatly prejudiced.

It is insisted by the defense that this bill of review, considered as a bill to modify or annul the original decree, is filed too late. This position is manifestly well taken. A bill of review is in the nature of a writ of error, and its object is to procure an examination or alteration or reversal of the decree made upon a former bill which has been signed and enrolled. Story, Eq. Pl. § 403. "A bill of review for errors apparent upon the face of the record will not lie after

the time within which a writ of error could be brought; for courts of equity govern themselves in this particular by the analogy of the common law in regard to writs of error." Story, Eq. Pl. § 410; *Thomas* v. *Harvies' Heirs*, 10 Wheat. 146; *Ricker* v. *Powell*, 100 U. S. 109; *Pacific R. Co.* v. *Missouri Pacific Ry. Co.* 2 McCrary, 228.

It is apparent from these authorities that the original decree of foreclosure cannot be attacked in this proceeding. It must stand as final. It did not provide for redemption, but it was not void on that account. It may have been erroneous, and the error might have been corrected, either upon appeal within two years or by the filing of a bill of review within the same time.

As neither was done within the time required it stands now as a final adjudication. Such being the case, can the complainants have an injunction by reason of anything which appears upon the face of the supplemental decree?

Clearly not, because their complaint rests entirely upon the allegation that the proper provision was not made by the supplemental decree for the redemption of the property sold under the original decree. Inasmuch as at the time that they filed their bill of review their right of redemption had been absolutely lost, unless it be derived from the supplemental consent decree, it is clear that they were not injuriously affected by that decree. Whatever provision it contained upon the subject of redemption was in the interest and for the benefit and advantage of the present complainants. If their prayer should now be granted and the supplemental decree, so far as the provisions therein contained respecting redemption, were abrogated, it would leave them concluded by the original decree and altogether deprived of the right of redemption. So far as the provisions contained in the bill charging fraud are concerned, they all relate to the action of Barcroft, as the attorney of complainants, in consenting to the supplemental decree, and especially to the provisions in relation to redemption. As these provisions are all in the interest of complainants, they cannot be held to have been fraudulent as to them. Besides, I am satisfied that the evidence does not show any intent on the part of Barcroft to defraud, nor does it show to my satisfaction that he acted without authority. If it were necessary to decide that question, I should hold that Barcroft acted in good faith and with the knowledge and consent at least of complainant J. C. Taylor, who, it may have been reasonably assumed, represented his wife's interest as well as his own.

The charge of fraud, therefore, must be eliminated from the case; and this being done, the bill, considered as a bill of review to modify or reverse both the original and supplemental decrees, stands merely as a bill of review upon the errors apparent upon the face of the record; and, so considered, it is filed too late to reach even the supplemental decree, which was rendered November 1, 1878, while the present bill of review was filed in May, 1881, after the period for an

appeal from either the original or supplemental decree had expired. If, however, it be conceded that the charge of fraud is established as to the supplemental decree, and that the arrangement therein specified with respect to redemption was unauthorized and void, as I have already said, this would leave the original decree ordering a sale of the premises without redemption in full force to fix and determine the rights of the parties. When the bill of review was filed, both the original and supplemental decrees had by lapse of time become final and conclusive, unless attacked for fraud, and as to the original decree, no attempt has been made to charge fraud. It is said that Taylor and wife were not advised as to the terms of the supplemental decree respecting redemption until after the year had expired. If this were proved (I do not think that it is) it would not avail them, for they were bound to know what was done and spread upon record in a case to which they were parties. *Putnam* v. *Day*, 22 Wall. 60.

Whether the complainants have any cause of action against the respondent on account of a misappropriation of the proceeds of the crops grown upon the place during the year given for redemption, need not now be considered. It is enough for the present that I hold that the complainants have not shown themselves entitled to an injunction. In reaching this conclusion, I have not considered the question whether it was necessary for the complainants to obtain the leave of the court to file this bill of review, nor whether it was necessary that they should have performed the decree before being heard. See *Ricker* v. *Powell*, 100 U. S. 107, 108, and cases cited.

Motion for injunction denied.