Colglazier, Administrator, v. Colglazier.

No. 13,413.

COLGLAZIER, ADMINISTRATOR, v. COLGLAZIER.

PLEADING.—*Motion to Strike Out.—Supreme Court.*—The overruling of a motion to strike out part of a pleading, or a paragraph of pleading, as surplusage, and for the reason that the same evidence may be given under another paragraph, does not constitute error for which a judgment will be reversed.

SAME.—*Answer.—Avoidance and Denial.*—A paragraph of answer may confess and avoid part of the allegations of the complaint and deny the others.

SAME.—*Trust.—Conversion.—Statute of Limitations.—Insufficient Answer.*—In an action against a trustee to compel an accounting and for judgment for trust funds converted, an answer setting up the statute of limitations in bar of the action and coupling with it a special denial of the defendant's trusteeship, in support of the plea of the statute, is bad.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *T. Huston,* for appellant.
*S. B. Voyles* and *H. Morris,* for appellee.

OLDS, J.—This action was brought by appellant as administrator of the estate of Abraham Colglazier, deceased, against the appellee.

The complaint alleged that in December, 1876, the decedent, reposing special trust and confidence in his son, the appellee, entrusted to him, as his agent and trustee, the care and custody of his property and the management of his business affairs; that the decedent was at that time nearly 88 years of age, had almost lost his sight and hearing and was, in a great degree, incapacitated for the transaction of business; that decedent then had notes and other personal property aggregating $4,000; also a tract of land in Washington county of the value of $6,500; that on the 8th day of January, 1877, appellee, as agent and trustee of decedent, sold at public auction personal property of decedent of the value of $800; that on the 13th day of June, 1877, appellee purchased

of decedent, and received a deed from him for, said real estate for the consideration of $6,500; that from December 1, 1876, appellee had control of the cash, notes, and all other property of the decedent, up to and until his death; that such cash, notes, personal property and purchase-price of said real estate amounted in the aggregate to $11,000; that during the time appellee acted as such agent and trustee of decedent, the decedent resided at the house of appellee, as one of his family, and died there; that the appellee took advantage of the age and infirmities of the decedent, and of the confidence reposed in him by the decedent, and prevented the decedent from consulting with his other children and members of his family, and concealed and secreted his acts and doings as such agent and trustee from the other members of decedent's family, and failed to make or render an account of his acts and doings as such agent and trustee to decedent in his lifetime; that appellee, as such agent and trustee, collected all the notes and accounts of decedent except notes to the amount of $1,350; that he converted the amounts so collected, and money so received, to his own use and benefit, amounting in the aggregate to $10,000; that he transacted the business of the decedent in his own name, and mingled the funds so received and collected with his individual property, so appellant can not more particularly describe the transactions; that after the death of decedent, and appellant's appointment as administrator, he called upon the appellee and demanded the property left by decedent, and an accounting by appellee as such agent and trustee; that appellee delivered to him notes to the amount of $1,350, twenty dollars in cash and a bed of the value of $5, and refused to deliver to appellant any other cash, notes or property, or to render an account as such agent and trustee for any other property, and denied all knowledge of any other cash, notes or property. Prayer for judgment for $10,000 and all proper relief.

To this complaint appellee filed an answer in three paragraphs.

The first is a general denial. The second alleges that all money, notes and property of every name and kind mentioned in the complaint were paid for, settled and delivered to plaintiff's decedent, and to persons by him designated to receive the same, by defendant during said decedent's lifetime, in full accord with said decedent's wishes, and to his satisfaction in all things, as evidenced in writings duly executed by plaintiff's decedent in his lifetime, copies of which writings are filed with the paragraph, and made a part of the same, marked exhibits A and B. Then follows a denial of every other material allegation in the complaint not answered by the special allegation of fact stated in said paragraph. Exhibit A is a writing, dated March 4th, 1878, stating the amount decedent had given to each of his children, and following with a statement that "to make them equal I give to," naming a certain amount to each child. Exhibit B is a writing in the nature of a receipt, stating that appellee had made sale of decedent's property in January, 1877, and had accounted for the same, and receipts in full. Both writings were signed by the decedent.

Appellant first moved the court to strike this paragraph out, for the reason that the facts alleged therein amount to no more than the general denial, and that the same evidence could be given under the general denial as under this paragraph; he also moved to strike out the exhibits. The court overruled the motion. This ruling constitutes no error for which the judgment can be reversed.

The overruling of a motion to strike out a part of a pleading, or a paragraph of pleading, as surplusage, and for the reason that the same evidence may be given under another paragraph, does not constitute such error as will reverse a case. *Hutts* v. *Hutts*, 51 Ind. 581; *House* v. *McKinney*, 54 Ind. 240; *Brinkmeyer* v. *Helbling*, 57 Ind. 435; *Moore* v. *State, ex rel.*, 55 Ind. 360; *Lancaster* v. *Gould*, 46 Ind. 397; *Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239.

The appellant next filed a demurrer to the second para-

graph of answer, which was overruled, and this ruling is assigned as error.

As we construe this paragraph of answer, it is in avoidance of so much of the cause of action as is based upon the proceeds of the sale of personal property sold at public auction in January, 1877, and a denial of all the other material facts stated in the complaint. True, the paragraph starts out as answering all the allegations of the complaint, by an accounting and by paying and delivering all the money and property received to decedent, and to persons by him designated to receive the same, but it avers that such accounting is evidenced by writings, signed by decedent, and made a part of the paragraph of answer, and thus the averments are limited to what is included in the writings, which is confined to the proceeds of the sale of personal property, and the denial covers all other material allegations of the complaint.

The paragraph of answer is part in avoidance and part in denial, pleading facts in avoidance of part of the causes of action sued upon, and denying the other facts stated in the complaint. While this paragraph of answer is not very artistically drawn, it is sufficient, and in harmony with our system of pleading. 1 Works Pr., section 589 ; *State, ex rel.,* v. *St. Paul, etc., T. P. Co.,* 92 Ind. 42.

The third paragraph of answer pleads the six years' statute of limitation, and couples with it a denial of the allegations of the complaint that " have reference to defendant holding plaintiff's money in trust."

Appellant demurred to this paragraph for want of facts, which demurrer was overruled, and the ruling is assigned as error.

This action is brought against the appellee as trustee. It charges that appellee was acting in the capacity of agent and trustee of the decedent, and as such agent and trustee he received money, notes and property in trust for the decedent ; that he used said trust funds so received as his own, intermingled the same with his individual moneys and property

and converted it to his own use, and on demand failed and refused to render an account as such trustee.   It is a suit against the appellee, alleging a trust and a breach of the trust by appellee, and if maintained it must be by proof of the existence of the trust and of the violation of it by appellee. There can not be a recovery on proof of an unlawful conversion without proof of the trust.   The two actions differ materially.   The action as brought in this case and stated in the complaint, being an action against a trustee to compel an accounting, and for judgment for the amount of trust funds converted, is of original equity jurisdiction, while the action for unlawful conversion is an action at law.

The third paragraph of answer is pleaded on the theory that the statute of limitation is a bar to any conversion that may have taken place by appellee.   The general denial having been pleaded in the first paragraph, it put at issue all the material averments of the complaint, and the plaintiff could not recover, as we have said, except he prove the trust as alleged, and if the trust be proven, then the statute of limitation was no defence to the action.   So that the statute of limitation is not a good answer to the complaint in this case.

There is a denial in the paragraph of answer, specially denying the allegations having reference to appellee holding plaintiff's money in trust, but it is evident from the paragraph that it was drafted upon the theory and for the purpose of pleading the statute of limitation as a good defence to the cause of action sued upon, and the words of denial were only coupled with the plea of limitation to bolster up said plea.   It is a well settled rule of pleading that a paragraph of complaint or answer, if good at all, must be good on the theory upon which it is pleaded, and this paragraph can not be upheld as a special denial.   The general denial having been pleaded in the first paragraph, there was no object or purpose of a denial of the facts constituting the trust in this paragraph, except, as we have said,

to bolster up and make good the answer setting up the statute of limitation.

The theory upon which we hold this paragraph insufficient is supported by numerous decisions in our own State. McBurnie v. Seaton, 111 Ind. 56 ; Lord v. Wilcox, 99 Ind. 491 ; Bumb v. Gard, 107· Ind. 575 ; Erwin v. Garner, 108 Ind. 488 ; First Nat'l Bank v. Root, 107 Ind. 224 ; Western Union Tel. Co. v. Young, 93 Ind. 118 ; Mescall v. Tully, 91 Ind. 96 ; Purcell v. English, 86 Ind. 34.

The court erred in overruling the demurrer to the third paragraph of answer, for which error the judgment must be reversed.

The other questions presented may not arise on another trial of the case, hence we do not decide them.

Judgment reversed, at costs of appellee, with instructions to the court below to sustain the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this decision.

Filed March 8, 1889; petition for a rehearing overruled April ·27, 1889.