Colglazier, Administrator, *v.* Colglazier.

Filed June 3, 1890.

———————

No. 15,349.

Colglazier, Administrator, *v.* Colglazier.

Evidence.—*Exclusion of.*—Where offered evidence is at all material, and is relevant, it is error to exclude it ; and this error will be available for reversal except in cases where it clearly appears that the exclusion works no harm.

Witness.—*Exclusion.*—*Withdrawal of Objection.*—Where a witness is excluded, and the objecting party afterwards withdraws his objection, and the court offers to permit the witness to testify, the error, if any, in the first ruling, is completely obviated.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler, S. H. Mitchell* and *R. B. Mitchell,* for appellant.

*S. B. Voyles, H. Morris, J. A. Zaring* and *M. B. Hottel,* for appellee.

Elliott, J.—The facts stated as the cause of action are set forth in the opinion given in this case when it was in this court for the first time. *Colglazier* v. *Colglazier,* 117 Ind. 460. It is unnecessary, therefore, to restate them.

The principal question presented on this appeal arises on

the ruling denying the appellant's motion for a new trial. The trial court suppressed questions and answers contained in a deposition, and the appellant insists that this ruling was erroneous.

Question 5 reads thus: "Did you at any time reside with your father on his farm in Washington county, Indiana? If so, state when it was, and how long you resided there, and the date you left there?" The answer of the witness is as follows: "I went there in '63 or '64, I can't say which, and I left there in the fall of '73." It is evident that no material error was committed in sustaining the motion to suppress this question and answer.

Question 6 reads thus: "If you had any conversation with Samuel Colglazier about leaving your father's place and giving the same up to him, state what it was? State what it was and all about it." The answer reads as follows: "A while before I left there, the year I couldn't state, my brother got to talking to me; he said I could do better elsewhere, and offered me the use of $1,000 as long as my father lived, without any interest, if I would leave the place; also saying that I could do with the $1,000 as I pleased, put it into land or anything I wanted to. I told him I didn't propose giving him my note or getting into his debt."

Question 7 is as follows: "If Samuel Colglazier took charge of your father's property, state when it was, and under what agreement or arrangement between them did he take such charge if you know?" The answer reads thus: "One evening as I was passing the house I overheard a conversation between Samuel and my father, in which Samuel said if he would drive me away that he would take charge of his affairs, and that if he wanted any money to give me to go away he would furnish it, representing that I was letting everything go to ruin, and mismanaging the business, and that he could run the business better than I could. My father said he would not drive me away."

It is charged in the complaint that the appellee took ad-

vantage of his father's feebleness and secured control of his property, and that he prevented his father from consulting with other members of his family, and we think the evidence was competent, and was relevant to the averments mentioned, as it supplied grounds for inferring that the appellee was scheming to get his brother away from home and thus secure control of the father's property. It may be true that the excluded evidence is not of very great probative force, but, granting this, still the appellant was entitled to have it go to the court or jury for whatever it was worth. The rule upon this subject was thus laid down in the case of *Harbor* v. *Morgan*, 4 Ind. 158 : When evidence is pertinent to the issue it should be admitted, however little it may seemingly tend to prove. This is, perhaps, rather a stronger statement than the authorities warrant, but the general doctrine asserted has often been declared and enforced. *Bedgood* v. *State*, 115 Ind. 275 (280) ; *Pedigo* v. *Grimes*, 113 Ind. 148 ; *Grand Rapids, etc., R. R. Co.* v. *Diller*, 110 Ind. 223. The rule which the authorities recognize is that where the evidence is at all material and is relevant, it is error to exclude it. There are exceptional cases in which the court can say that the finding or verdict is so clearly right that the exclusion of the evidence could have worked no harm, but this is not such a case. *Ætna Life Ins. Co.* v. *Deming*, 123 Ind. 384.

Where a witness is excluded and the objecting party afterwards withdraws his objection, and the court offers to permit the witness to testify, the error, if any, in the first ruling is completely obviated. *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409 (431).

For the error in suppressing the parts of the deposition we have indicated the judgment is reversed.

Filed April 4, 1890 ; petition for a rehearing overruled June 3, 1890.