No. 14,704.

WHITLOCK *v.* THE CONSUMERS GAS TRUST COMPANY.

INJUNCTION.—*Pleading.—Answer.*—In an injunction proceeding to restrain a natural gas company from laying its pipes on the land of the plaintiff, an answer denying the ownership of the plaintiff and asserting title in a third person, from whom the defendant had permission to enter upon the land, is good.

SAME.—*Evidence.—Nature of Threatened Injury.*—Evidence that the plaintiff had acquiesced in the occupancy of the land, and that she had offered to receive a certain compensation for allowing the defendant to construct its line of pipe, is competent, as tending to show the nature and extent of the threatened injury sought to be restrained.

SAME.—*Evidence.*—A deed executed by plaintiff's grantor to a third person, conveying an interest in the land, is properly admissible in evidence as showing the character of the injury.

SAME.—*Finding of the Jury.—Court May Disregard.*—An injunction proceeding is one of exclusive equitable cognizance, and the trial court is not bound by the finding made by the jury.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellant.

*W. P. Fishback* and *W. P. Kappes,* for appellee.

ELLIOTT, J.—The appellant avers that she is the owner

Whitlock *v.* The Consumers Gas Trust Company.

of the land described in her complaint, and that the appellee threatens to enter upon it and lay therein pipes for the transportation of natural gas.    The prayer is for an injunction.    The appellee alleges in the first paragraph of the answer that it is engaged in the business of supplying natural gas to the citizens of Indianapolis; that it owns and maintains a line of pipe for that purpose, and that the inhabitants of Indianapolis are dependent upon it for their supply of fuel and light; that it is solvent and able to pay all of its liabilities; that at no time has it entered upon or intended to enter upon any lands belonging to the plaintiff; that by a license and right to do so from the Midland Railway Company it did enter upon the right of way owned and occupied by the company for its track and did construct a line of pipe thereon, which right of way adjoins the land described in the complaint; that the right of way belonged to and was in the possession of the railway company by virtue of a deed executed by Sarah Guilkey, May 1st, 1873.    The answer is not well drawn, but it is, in effect, an argumentative denial.    It denies the ownership of the plaintiff and asserts title in a third person, and hence must be held good as a denial.

The refusal to admit testimony of the witness, Whitlock, was not such an error as will warrant a reversal, if, indeed, there was any error at all.    The declarations were in the main mere expressions of opinion as to what would be the result of litigation in the trial court and what it would be on appeal, and it is quite clear that there was very little, if any, probative force in the declarations one way or the other.

There was no error in admitting evidence of the appellant's acquiescence in the occupancy of the strip of land, nor was there any error in admitting evidence of what she offered to receive as compensation for allowing the appellee to construct a pipe line in the strip of land occupied by the railroad company.    This evidence was competent as tending

to show the nature of the injury which the appellant sought to restrain by injunction. It is to be remembered that this is a suit for injunction and not an ordinary action at law, and that injunction is an extraordinary remedy. It is by no means every wrong that will authorize relief by injunction; on the contrary, the elementary rule is, that where there is an adequate remedy at law injunction will not lie. Under this familiar rule it has been held again and again that injunction will not lie to restrain the commission of a trespass. Our statute, indeed, allows the courts to award injunctions only when the threatened act will produce great injury, and the construction placed upon it has been that it does not authorize an injunction where the plaintiff can be fully and readily compensated in damages and there is no fear of a multiplicity of actions. *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248 ; *Indianapolis Rolling Mill Co.* v. *City of Indianapolis*, 29 Ind. 245. We do not mean to hold that where there is a wrong about to be committed under color of authority that can not be fully compensated in damages, an injunction may not be awarded, but what we do hold is, that evidence tending to show the nature and extent of the threatened injury is competent. In admitting evidence tending to prove a material fact the court does not determine the weight or value of such evidence; it simply determines that the evidence shall be heard. *Pedigo* v. *Grimes*, 113 Ind. 148 ; *Colglazier* v. *Colglazier*, 124 Ind. 196.

The deed executed by a former owner of the land to the predecessor of the Midland Railway Company was properly admitted in evidence. This deed showed that the plaintiff's grantor had conveyed some interest to the predecessor of the Midland Railway Company, and, whether that interest was a fee or a less estate, the deed was competent in connection with other evidence as tending to prove the nature and extent of the injury to the plaintiff. If there was an existing and continuing servitude burdening the land, and the use which the defendant proposed to make of it did not add to

the burden, the damages of the plaintiff would, at least, be materially lessened. At all events, the evidence was competent for the purpose of showing the character of the injury. It was competent, irrespective of the allegations of the first paragraph of the answer, under the general denial pleaded.

The trial court was not bound by the finding made by the jury, as the case is one of exclusive equity cognizance. It might have adopted the finding of the jury, but it was under no obligation to do so. *Platter* v. *Board, etc.*, 103 Ind. 360. The record affirmatively shows that the finding was rejected by the court, for it is expressly stated that the court finds that the material "allegations of the answer are true," and that the "court finds for the defendant." There is much evidence tending to prove that the plaintiff sustained no injury from the acts of the defendant, and this evidence, of itself, warranted the finding and judgment that no case was made for an injunction. Under the evidence we can not say that the trial court was not justified in treating the case as one not warranting interference by the extraordinary remedy invoked by the appellant. It may, too, well be that the appellant may maintain an action for damages and yet not be entitled to an injunction. *Kincaid* v. *Indianapolis Natural Gas Co.*, 124 Ind. 577. We can not without a departure from a long and well settled rule adjudge that the finding is wrong upon the evidence.

Judgment affirmed.

Filed Jan. 30, 1891.