ALMIRA C. VAN EVERY v. ABISHA SANDERS.

FILED JUNE 18, 1903. No. 12,947.

1. **Judgment: VACATION: EQUITY.** Equity will not interfere with a judgment, on a mere showing of a nominal or technical violation of the plaintiff's rights; substantial injury must be shown.

2. **Petition: SUFFICIENCY.** Hence a petition for relief against a judgment, which goes no further than to allege the rendition thereof, without stating its nature or setting forth facts showing that it operates or might operate to the prejudice of the plaintiff in some substantial particular, does not state a cause of action.

3. **Statute Declaratory of Power of Court of Equity.** Subdivision 4 of section 602 of the code is declaratory of the power of courts of equity under the old practice, and does not authorize the vacation of a judgment, after the term, in the absence of some substantial injury.

ERROR to the district court for Kearney county: ED L. ADAMS, DISTRICT JUDGE. *Affirmed.*

*E. C. Dailey* and *Lewis C. Paulson,* for plaintiff in error.

*John L. McPheely, contra.*

Pound, C.

This is a suit in equity to set aside and vacate a judgment by reason of alleged fraud, whereby the plaintiff was induced not to make a defense to the action in which the judgment was rendered. A demurrer was sustained in the district court, and the plaintiff stood upon her petition and brings the cause here by petition in error.

The petition alleges that, by reason of certain fraudulent representations set forth therein, the plaintiff made no appearance in the cause in question and the defendant "caused a default to be taken of plaintiff and her said husband, the said P. M. Van Every, and each of them, and caused a judgment to be rendered and entered in said court on the 8th day of April, 1901, against said plaintiff and her said husband." There is no allegation as to the nature of the judgment and no showing that it operates, has operated, or will operate to the prejudice of the plaintiff in any way. Nothing is better settled than that equity will not interfere with a judgment on a mere showing of a nominal or technical violation of the plaintiff's rights. Indeed this is a general principle in the law governing injunctions. 1 High, Injunctions (3d ed.), sec. 9. Substantial injury must always be shown. *Whitlock v. Consumers Gas Trust Co.*, 127 Ind. 62, 26 N. E. 570; *Wakeman v. New York L. E. & W. R. Co.*, 35 N. J. Eq. 496; *Head v. James*, 13 Wis. 718. In consequence it would seem clear that a petition for relief against a judgment, which goes no further than to allege the rendition thereof, without stating its nature or setting forth facts showing that it operates or might operate to the prejudice of the plaintiff in some substantial particular, does not state a cause of action. *Taylor v. Charter Oak Life Ins. Co.*, 17 Fed. 566; *McNair v. Toler*, 21 Minn. 175. It is contended however that the petition must be sustained under the fourth subdivision of section 602 of the code. In *Monro v. Callahan*, 55 Neb. 75, this court, construing said section 602, said:

"But this statute is merely a legislative adoption of the

doctrine of the equity courts in force when it was enacted."
Being declaratory of the power of courts of equity under
the old practice, manifestly said section does not authorize
the vacation of a judgment, after the term, in the absence
of some substantial injury.

We therefore recommend that the judgment of the dis-
trict court be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.