EDNA ARNOUT, APPELLEE, v. WILLIAM J. CHADWICK, APPELLANT.

FILED OCTOBER 5, 1905. No. 13,877.

1. Judgment: VACATING: FRAUD. To justify a trial court in setting aside a decree rendered at a former term on the ground of fraud, it is not necessary that actual fraud should be found. It is sufficient if facts and circumstances are proved from which constructive fraud can be inferred, if by reason of such facts and circumstances the party seeking to avoid the decree was induced to make no appearance in the cause in which the decree was rendered.

2. Evidence examined, and *held* sufficient to justify the district court in vacating a former decree of that court.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*T. J. Nolan* and *F. A. Brogan,* for appellant.

*Jefferis & Howell, contra.*

JACKSON, C.

This is an appeal from a decree of the district court for Douglas county, setting aside a former decree rendered in that court. It appears from the pleadings and the evidence that the appellant, defendant herein, on November 7, 1903, filed a petition in equity against the appellee,

plaintiff herein, to compel the conveyance of certain real estate in Douglas county, which it was alleged the appellee held for him in trust. Personal service of summons was had on the appellee, who failed to appear, and on the 28th day of December of that year the appellee was defaulted, and upon a hearing to the court a decree was entered conforming to the prayer of the petition. After the adjournment of the term in which said decree was entered, and on the 19th day of March, 1904, the appellee filed a petition containing allegations which, if true, would constitute a complete defense to the appellant's cause of action in the cause in which the decree was entered, and, as a reason for not appearing and defending in that action, alleged that on the day after the process therein had been served upon her she called upon the appellant for an explanation of the proceeding, and that thereupon the appellant stated "that his temper had been aroused; that he had gone to an attorney, who advised him to bring suit, but that he would have the case thrown out of court and dismissed, and received from this plaintiff a copy of the order of court before served upon her, as above mentioned, and put the same in his pocket, and told this plaintiff that it was all right, that there would be nothing more to the case, and that this plaintiff should not bother any more about it; that plaintiff relied upon the statements and representations of this defendant, and believed that he was acting in good faith, and that the case which the defendant had brought in court would be dismissed, and that she would have no further trouble in relation to the matter." She further alleged that, relying upon the statements and representations of the appellant, she made no appearance, by answer or otherwise, in said action, and believed that the case had been dismissed, until some four or five days prior to the filing of her petition for a new trial. She further alleged that the decree obtained by the appellant was procured upon perjured testimony. Upon her petition for a new trial issue was joined, and after a hearing to the court the decree assailed by her petition was vacated

and a new trial ordered. From the judgment vacating the decree and allowing a new trial an appeal was taken to this court, and we are asked to reverse the judgment of vacation for two reasons: First, because the decree is not supported by the evidence and is contrary to the evidence, and, second, because the district court did not find the existence of fraud alleged in the plaintiff's petition. We will consider these questions in order as they are presented.

The evidence upon controverted questions of fact was adduced through the examination of witnesses in open court. There was a sharp conflict in the testimony of these witnesses, and it is impossible to reconcile their statements upon the theory that they all adhered rigidly to the truth. For that reason, considerable weight will be given to the findings of the trial judge, who saw the witnesses in court, observed their demeanor and deportment while testifying, and who, for that reason, was, by far, better qualified to form a correct conclusion as to the weight to be given to their testimony. The appellee, as a witness in her own behalf, testified, in substance, that the process in the action instituted against her by appellant was served on the 9th day of November; that on the following day she went to the place of business of the appellant, took the papers to him and asked him what he meant; that he said to her that she need not pay any attention, that he was a little riled in temper and had consulted a lawyer and told him to go ahead, that she should pay no more attention to it, and that he would throw it out of court; that she handed the papers back to him and did not pay any more attention to it; that she did not know of his having proceeded with the case and procured a decree until the 8th day of March following; that the decree was entered while she was away on her wedding trip. Her testimony is to some extent sustained by facts and circumstances proved at the hearing. The appellant on his own behalf, in substance, testified that the appellee came to his store with the papers which had been served on her in the suit instituted by him, and said: "This is a nice thing for a

man like you, that thinks he is a gentleman, to try and bring a lady into court. I am too much of a lady to bring a lady into court, if you are not more of a gentleman to bring a lady into court." She took the papers and fired them on top of the show-case. I said: "You had better take the papers and see some attorney and defend yourself, if you have a claim to this property." We had a few different words. He denied the statements made by the appellee relative to the conversation on that occasion. The evidence disclosed some facts and circumstances tending to support his statements. We have, however, examined the entire record with considerable care, and, taking into consideration the opportunities for determining the truth enjoyed by the trial judge, which by reason of circumstances are denied to this court, we do not feel justified in disturbing the decree as being against the weight of evidence.

This brings us to a consideration of the second ground urged for a reversal of the decree, that the court did not find the existence of fraud alleged in the plaintiff's petition. The finding of the district court in that respect is in the following language: "That the plaintiff herein, defendant therein, in the cause in which said decree was entered, was served with summons thereon on the 9th day of November, 1903, and that thereafter, to wit, on the 10th day of November, 1903, this plaintiff, then Edna Howell, took the summons to the plaintiff therein, defendant herein, and then and there, at the place of business of the defendant herein, plaintiff therein, delivered said summons to the defendant herein, plaintiff therein, and at said time the said Chadwick and this plaintiff had a conversation concerning the suit in which the said summons was issued and served, wherein the said Chadwick, by words, acts and conduct, induced this plaintiff to believe that he had commenced said suit while in anger, and that he did not intend to prosecute the same to decree, and that he would not so prosecute said cause, and further induced this plaintiff to believe that he would cause said suit to be dismissed and

thrown out of court, and further informed this plaintiff that she need give no further attention to said suit, and that this plaintiff relied upon said statements, conduct, and inducements, and, by reason thereof, gave no further attention to said litigation, and made no appearance therein to protect her rights in the property in question, and that this plaintiff, defendant therein, was justified, by reason of the conversation with said plaintiff therein, his acts and conduct, in relying upon her belief that said action would not be further prosecuted, and would be dismissed without proceeding to decree. This court does not deem it necessary to find that the defendant herein, in said conversation mentioned, deliberately, purposely and wilfully, intended, by his said acts and conduct, to work a fraud upon this plaintiff, but does find that the acts, conduct and conversation on the said 10th day November between said parties, and the subsequent taking of said decree, as herein found, were such as to constitute a fraud in law upon this plaintiff, the defendant therein."

It is contended by appellant that, to justify a court of equity in setting aside a former decree and judgment rendered upon proper process and pleadings, it is necessary that there should exist actual fraud, not legal or technical fraud, and that the findings of the district court do not come within that rule. We do not think it important to inquire into the reasons given by the trial court for the conclusion which followed. If the conclusion is right, then it should be sustained, notwithstanding the fact that the district court may have given a wrong reason. We cannot agree with counsel, however, in their contention that actual fraud must be shown. In *Klabunde v. Byron Reed Co.*, 69 Neb. 126, 136, it is held that equity will relieve against a judgment or decree on the ground of fraud, actual or constructive, committed by the successful party, or where, from excusable neglect, a defendant has been prevented from interposing a meritorious defense or establishing grounds entitling him to affirmative relief in such action, and Mr. Justice HOLCOMB, in delivering the

Arnout v. Chadwick.

opinion of the court, made use of the following language:

"We do not say there has been any action on the part of defendant or for which it should be held responsible, which worked an actual fraud on the plaintiff's rights. It is not necessary that we should, nor do we think we would be warranted in so saying. There is, however, sufficient in the record to warrant the inference that he has suffered a wrong which equity will relieve against. There is at least constructive fraud. The plaintiff was lulled into a feeling of ease and safety, because of what he understood and what he was justified in believing was the promise and agreement of the defendant and because of the information received from its counsel, who undertook to represent him also in the litigation."

The rule there announced is an appropriate one for the case at bar. We hold, therefore, that the findings of the district court were amply sufficient upon which to base the judgment vacating the former decree.

No question is raised in this hearing as to the sufficiency of the showing on the part of the appellee that she had a good and meritorious defense to the action instituted against her by appellant.

We recommend that the judgment of the district court vacating its former decree be affirmed and that the cause be remanded for further proceedings.

DUFFIE, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court vacating its former decree is affirmed and the cause is remanded for further proceedings.

AFFIRMED.