HOWARD STOVE & FURNACE COMPANY, APPELLANT, V. JOSEPH H. RUDOLF ET AL., APPELLEES.

FILED APRIL 5, 1935. No. 29234.

*W. A. Ehlers,* for appellant.

*Anson H. Bigelow, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

GOSS, C. J.

Plaintiff appeals from an order made February 7, 1934, vacating a decree (which allowed plaintiff $141.95 and costs on foreclosure of a mechanic's lien) duly entered by default on March 3, 1931.

Defendants' motion to vacate the decree was filed May 9, 1931. The February term, at which the decree was entered, adjourned *sine die* on May 2, 1931. This motion was overruled on May 22, 1931, because it was not filed within the term at which the decree was rendered. In the same order the court further sustained "the motion of defendants to deny" confirmation of a sale of the property made by the sheriff on May 5, 1931, and set the sale aside.

June 4, 1931, defendants filed what is entitled a "petition to open decree in order to defend." It was in substance and effect a petition in equity to vacate the decree, for a chance to defend and for a trial of the cause. Plaintiff

demurred to this petition on the grounds that (1) it failed to state sufficient facts, (2) the court was without jurisdiction, (3) the matters contained in the petition were adjudicated March 3, 1931, no appeal had been taken and the decree had become final. The demurrer was overruled and plaintiff answered, traversing the allegations of the petition.

Defendants say in their brief that the statutory grounds for vacating a judgment at a subsequent term, as found in chapter 20, art. 20, Comp. St. 1929, do not "strictly" apply. See particularly the grounds set forth in section 20-2001, Comp. St. 1929. But defendants argue that, because it was a decree entered upon default, equity arising out of the circumstances allows them to reopen the decree for trial on the merits quite independent of the statutory grounds.

In *Abbott v. Johnston,* 93 Neb. 726, it was held, in an opinion by Judge Rose, that section 602 of the Code (now section 20-2001, Comp. St. 1929) enumerating grounds under which judgments may be set aside after the expiration of the term at which they were rendered, "does not provide the exclusive remedy. Its provisions are concurrent with independent equity jurisdiction"—citing eleven Nebraska cases. It was accordingly there held: "The dismissal of an action for want of prosecution, on motion of defendant without notice to plaintiff, may, after expiration of the term at which the order was rendered, be set aside by a court of equity having jurisdiction of the parties and the subject-matter of the suit, where the circumstances call for equitable relief." This case has been cited in a number of later cases unnecessary to cite or quote here. The principles announced are firmly established.

The salient facts in the instant case, stated briefly as may be are as follows: August 8, 1923, Howard Stove & Furnace Company entered into a written contract with Joseph H. Rudolf to install a furnace in the home occupied by Rudolf and wife for $242, to be paid for as follows: "$25 when furnace installed, balance $15 per month, 8

per cent. interest." The furnace was installed (though defendants claim imperfectly) in the fall of 1923. July 30, 1924, the furnace company filed a mechanic's lien for the $242, with interest at 8 per cent. from November 29, 1923. The lien made claim that the first item was furnished October 6, 1923, and the last item on April 11, 1924. The petition for foreclosure, filed July 2, 1926, admits payment of $72 on the contract, charges $1.25 on account of the filing of the lien, and prays foreclosure for the resulting balance of $171.25 with interest. No action was taken in the case for several years and in the fall of 1930 it was put on the dismissal docket. Pursuant to court rules, it was dismissed December 6, 1930. G. R. Danielson having received from the furnace company on October 2, 1930, an assignment of the claim, filed a motion on January 29, 1931, to vacate the order of dismissal and to reinstate the cause, substituting him as plaintiff, which was done.

Defendants' petition alleged in substance that before answer day they had an oral agreement with the then plaintiff to pay the balance as regularly as their employment would permit and in consideration thereof the then plaintiff agreed not to press the suit to judgment; that subsequently at various times these defendants paid upon the indebtedness $131.70 (in addition to the $72 paid before the suit was begun) making a total of $203.70 paid by defendants and received by plaintiff on account; that plaintiff had given a written guaranty to replace castings showing defects of manufacture within five years, but had failed and refused to perform under the written guaranty to defendants' damage in more than the balance due; that the mechanic's lien, if available to plaintiff at all, was not filed within time after the last work was done; that the contract between the parties, attached to the mechanic's lien, provided that, until the furnace was paid for, it should remain the personal property of plaintiff with authority to enter upon said premises and remove the furnace and appurtenances; that by reason of the premises

the lien was void and the indebtedness paid. Issues were joined, by answer and the matter was tried to the court upon evidence that is found in a bill of exceptions. At the end of the trial it was found by the court sufficient to warrant the setting aside of the decree and defendants were allowed 10 days to answer the petition for foreclosure of the lien.

There was sufficient evidence on behalf of defendants, if believed, to justify the opening up of the decree by the trial court. It would serve no good purpose to detail it. It supported the allegations of the petition. The trial court heard the witnesses and observed their demeanor. While we try the case *de novo*, we are not, under the rule, required to reverse a decision of the district court in the circumstances unless it is clear that it erred in appraising the evidence. The evidence was sufficient to indicate that defendants had grounds for the defense they tendered, and that it had not been made before the decree was entered may have been the fault of plaintiff, Equity requires that defendants be given their day in court. Justice will ultimately prevail thereby when otherwise we could not be at all certain.

The judgment of the district court on the particular order appealed from is

AFFIRMED.