LEWIS W. DAVIES, APPELLANT, v. KATHRYN DE LAIR ET AL., APPELLEES.

27 N. W. 628

Filed May 16, 1947. No. 32222.

*Lee Kelligar* and *J. L. Gagnon,* for appellant.

*Gerald M. Mullen, Jean M. Johnson* and *John C. Mullen,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Lewis W. Davies brought this action in the district court for Richardson County against Kathryn De Lair. The purpose of the action is to set aside the judgment rendered by the district court in the case of Kathryn De Lair v. Charles De Lair, No. 9614, pursuant to our opinion and mandate in the case of De Lair v. De Lair, 146 Neb. 771, 21 N. W. 2d 498, and to obtain a new trial. The judgment complained of amended the sheriff's return to show that service was had on Charles De Lair in person. The basis for the action is plaintiff's claim that the successful party obtained the judgment by practicing fraud upon the court in the trial of the case. From an order sustaining the defendant's demurrer to plaintiff's second amended petition and dismissing the action, motion for new trial having been filed and overruled, plaintiff appeals.

Whether an action is based on the statute or an independent suit in equity, we have followed the rule that the trial court can, in a proper case, vacate or set aside

a judgment or decree and grant a new trial when the judgment or decree sought to be set aside has been obtained by the successful party through fraud practiced in connection with the trial of the case. Munro v. Callahan, 55 Neb. 75, 75 N. W. 151; Klabunde v. Byron Reed Co., on rehearing, 69 Neb. 126, 98 N. W. 182; Arnout v. Chadwick, 74 Neb. 620, 104 N. W. 942.

Does the plaintiff have such an interest in this litigation as will entitle him to maintain the action?

As stated in 47 C. J., Parties, § 30, p. 21: "For a standing as party plaintiff it is necessary, not only that plaintiff have a legal entity or existence, and that he be possessed of legal capacity to sue, but also that this person have, in the cause of action asserted, a remedial interest which the law of the forum can recognize and enforce. It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity."

And in 39 Am. Jur., Parties, § 9, p. 858: "Assuming the legal existence of the proposed plaintiff and his legal capacity to sue, the next question is whether he possesses any right for the protection or vindication of which he may invoke the jurisdiction of the court. As a general rule, one having no right or interest to protect cannot invoke the jurisdiction of the court as a party plaintiff in an action."

"Equity will not interfere with a judgment, on a mere showing of a nominal or technical violation of the plaintiff's rights; substantial injury must be shown." Van Every v. Sanders, 69 Neb. 509, 95 N. W. 870.

For as stated in 39 Am. Jur., Parties, § 10, p. 859: " * * * courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct, and to give relief at the instance of such persons; a court may and properly should refuse to entertain an action at the in-

stance of one whose rights have not been invaded or infringed, * * * ."

Appellant was sheriff of Richardson County when the divorce action of De Lair v. De Lair, No. 9614, was filed in the district court for that county on July 25, 1934. As one of his duties he served the summons issued in that case and caused a return thereof to be made. He then filed the summons, with the return, in the office of the clerk of the district court and it became part of the files in that case. Thereafter, on August 21, 1944, both plaintiff and defendant in the divorce action filed a motion therein asking the court to amend the sheriff's return to show that service had been had on the defendant, Charles De Lair, in person in lieu of "by leaving at his usual place of residence" as shown by the return. Appellant filed his motion therein, on November 14, 1944, objecting to such amendment and stating under oath that the return was true and correct. As hereinbefore stated, this action is for the purpose of setting aside the judgment entered pursuant to our mandate.

Appellant was not a party to the original divorce proceedings and did not become such by reason of serving the summons and making his return thereto. An officer serving a summons and making a return thereto does not thereby become a party to the suit. The divorce proceeding being personal in its nature, there can be no possible injury to the rights of the appellant because of any amendment made to the return. In the absence thereof it cannot be said that he has an interest which a court will enforce.

It may be true that the appellant desires to maintain the correctness of his return but as said in Foster v. Mansfield, C. & L. M. R. R. Co., 146 U. S. 88, 36 L. Ed. 899: "A court of equity is not called upon to do a vain thing. It will not entertain a bill simply to vindicate an abstract principle of justice or to compel the defendants to buy their peace, and if it appear that the parties really in interest are content that the decree shall stand,

it should not be set aside at the suit of one who could not possibly obtain a benefit from such action."

While the foregoing fully disposes of the case, we will, however, discuss the merits of the appellant's position.

It is the rule in this state that, "* * * the intentional production of false testimony will, in a proper case, justify the annulment of a decree or judgment which is the product of such testimony. Munro v. Callahan, 55 Nebr., 75; Barr v. Post, 59 Nebr., 361." Secord v. Powers, 61 Neb. 615, 85 N. W. 846. See, also, Miller v. Estate of Miller, 69 Neb. 441, 95 N. W. 1010.

"A general demurrer admits only facts that are well pleaded and does not admit conclusions of law or the conclusions of the pleader. Scully v. Central Nebraska Public Power and Irrigation District, 143 Neb. 184, 9 N. W. 2d 207." In re Estate of Reikofski, 144 Neb. 735, 14 N. W. 2d 379.

While the appellant's second amended petition, to which the demurrer was sustained, contains many conclusions we will assume, for the purpose of this discussion, that it states sufficient facts that it can be said that appellee obtained the judgment complained of by producing false testimony, within the rule announced in Secord v. Powers, *supra.*

However, as stated in Miller v. Estate of Miller, *supra:* "* * * it is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence. Secord v. Powers, *supra.*"

"* * * equitable relief from a judgment on the ground of its procurement by perjured testimony may not be secured where the applicant was guilty of negligence or other fault in relation thereto. Before a court of equity will intervene in regard to a judgment because of perjured testimony, it must appear that the applicant has used due diligence in doing whatever lay in his

power to protect his interests." 31 Am. Jur., Judgments, § 663, p. 237.

In In re Estate of Reikofski, *supra*, we approved the following from 49 C. J., Pleading, § 32, p. 58: "It is, as a rule, not sufficient to allege generally that due diligence has been used, but the facts constituting diligence must be set out."

" 'The petition, complaint, or moving papers must show, not generally or inferentially, but by specific averments, that the applicant (petitioner) has not been in fault, or that he has exercised due diligence and vigilance.' 34 C. J. 329." In re Estate of Reikofski, *supra*.

"The general rule is that a party seeking equitable relief against the enforcement of a judgment must be without fault generally, or negligence in particular, and that such relief will not be granted where the matter complained of arose in any way from the negligence or carelessness of the complainant and could have been prevented by the use of reasonable diligence on his part. If he is negligent or careless either in preparing or trying his action at law, the doors of chancery will remain closed, and relief will be denied." 31 Am. Jur., Judgments, § 685, p. 247.

The record discloses that on August 21, 1944, Kathryn De Lair and Charles De Lair each filed a motion to amend the return to show personal service on the defendant, Charles De Lair. On September 9, 1944, there was filed in the case with the clerk of the district court all of the depositions used at the hearing on December 14, 1944. Therein and filed as part thereof were the affidavits which were also used at the December 14, 1944, hearing. These depositions and affidavits contain all of the evidence which the appellee used at that hearing about which the appellant complains. On November 14, 1944, the appellant intervened and filed his motion objecting to the proposed change and therein stated that his return was true and correct. Had ap-

pellant or his counsel examined these depositions and affidavits they could have fully informed themselves of the nature of the proof the appellee intended to make. In fact, the motion itself would indicate what they intended to prove. The record completely refutes any possible surprise. If counsel had but sought to inform himself he would have been fully forewarned and possibly forearmed.

As stated in Secord v. Powers, *supra:* "But, as was said in Barr v. Post, *supra,* it is not the policy of the law to encourage actions of this kind. There must be an end to litigation. A party can not be permitted to experiment with his case at the expense of the public. He is not justified in assuming that his adversary will not produce evidence to make good the averments of his pleading. 'Whenever an issue exists in any action or proceeding,' says Mr. Freeman in his work on Judgments (vol. 2, 4th ed., sec. 489), 'each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counter-proofs. Where he has an opportunity to do this, and does not avail himself of it, * * * he can not, in effect, obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by perjury.'"

And in Miller v. Estate of Miller, *supra:* "It is true, as is urged, that the fraud in procuring the decree stands admitted by the demurrer; it is also true that the law abhors fraud, and, ordinarily, will not permit a party to retain the fruits of his fraudulent acts. But the peace and repose of society forbids that litigation should be prolonged indefinitely. The law, therefore, requires a litigant to present his defense seasonably. If, through his own negligence or want of diligence, he fails to do so, equity will not relieve him from the consequences of his own neglect or want of care. Were it otherwise, no man could know with certainty that any controversy was finally settled and at rest. As the peti-

tion shows no sufficient excuse for the failure of the appellants to contest the will when it was offered for probate, it is insufficient to justify a vacation of the decree."

Actually, if all of the facts which appellant now wants to prove had been produced at the hearing it would have presented only a controversial issue as to how the service was actually made. After losing litigants often consider themselves victims of false testimony and probably believe it to be willful and that their adversaries knew it to be so. That is the very nature of evidence as to many controverted issues. But there must be an end to litigation and therefore there is an obligation on the part of litigants to prepare for the trial and to be ready to meet the issues when tried and if they fail to do so they cannot later be heard to complain.

For the reasons stated the judgment of the trial court is affirmed.

AFFIRMED.