HOWARD V. KANOUFF ET AL., APPELLEES, V. SARAH G. NORTON, APPELLANT, IMPLEADED WITH THE HEIRS OF DELLA BIXLER, DECEASED, ET AL., APPELLEES.
71 N. W. 2d 89

Filed June 17, 1955. No. 33731.

*C. Russell Mattson* and *Donald R. Kanzler,* for appellant.

*Julius D. Cronin, George O. Kanouff,* and *Howard V. Kanouff,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Howard V. Kanouff and Raymond W. Moody, plaintiffs, against Sarah G. Norton and unnamed heirs, devisees, legatees, personal representatives, and all others having or claiming an interest in the estate of Della Bixler, deceased, defendants, to quiet title to certain lands in Holt County, Nebraska. Sarah G. Norton was the only defendant who appeared at any stage of the proceedings. After issues were joined the case came on for trial and a trial was had as to all of the defendants and title was, by decree of court, generally quieted in favor of plaintiffs as to the unnamed defendants. As to the defendant Sarah G. Norton, who will be hereinafter referred to as the defendant, the decree quieted title in the plaintiffs against her

pursuant to her consent. She was at the time represented by counsel.

By the part of the decree quieting title against the defendant it was provided that if defendant should pay to plaintiffs $20,000 on or before April 1, 1954, plaintiffs would convey the real estate to her subject to existing liens and encumbrances of record. The decree further provided that for failure to pay the $20,000 by April 1, 1954, the defendant would have no further interest in the land. There are other provisions of the consent portion of the decree relating to both plaintiffs and the defendant but they have no significance here.

The defendant failed to comply with the obligation assumed by her and imposed by the decree.

On April 26, 1954, the defendant filed a petition in the original action to vacate the decree. Later, on July 28, 1954, an amended petition was filed. The amended petition is the basis of this proceeding.

To the amended petition an answer was filed and thereafter a trial was had, whereupon the petition was dismissed by decree of the district court.

This decree was undoubtedly a correct and proper disposition of the case. The petition fails to set forth any legally or equitably recognizable grounds for the vacation of the original decree.

Defendant's allegations as grounds for the vacation of the decree are that the plaintiffs promised to extend the time for the payment of the $20,000 beyond April 1, 1954, and that she was not fully aware of the nature and legal consequences of the decree. She does not contend that her counsel did not fully advise her, neither does she contend that any fraud or undue influence was practiced upon her by the plaintiffs, nor does she contend that mutual mistake was accountable for the decree.

It is assumed that the petition to vacate was filed at a term subsequent to the term at which the decree was entered since the decree was entered November 23, 1953, and the petition to vacate was filed April 26, 1954.

Under such circumstances the district court in equity had no power to set aside the decree in the absence of statutory grounds unless the circumstances disclosed showed some ground for equitable relief. Van Every v. Sanders, 69 Neb. 509, 95 N. W. 870; Howard Stove & Furnace Co. v. Rudolf, 128 Neb. 665, 260 N. W. 189; Watters v. Harris, 147 Neb. 1081, 26 N. W. 2d 182; Davies v. De Lair, 148 Neb. 395, 27 N. W. 2d 628. The facts here do not bring this case within the purview of these rules.

Also a consent judgment is ordinarily treated as an agreement between the parties. It is accorded greater force than ordinary judgments and will not be modified over objection by one of the parties. Clark v. Charles, 55 Neb. 202, 75 N. W. 563; McArthur v. Thompson, 140 Neb. 408, 299 N. W. 519, 139 A. L. R. 413.

For the reasons herein stated the decree of the district court is affirmed.

AFFIRMED.