Miller v. Estate of Miller.

GEORGE MILLER ET AL., APPELLANTS, V. ESTATE OF PHILIP H. MILLER ET AL., APPELLEES.

FILED JUNE 18, 1903.   No. 12,905.

1. **Perjury Vitiates a Decree: JUDGMENT: VACATING: FRAUD.** The intentional production, by a litigant, of false testimony to establish a cause of action or defense. will, in a proper case, justify the annulment of a decree or judgment which is the product of such testimony. Following *Secord v. Powers*, 61 Neb. 615.

2. **Petition to Vacate Judgment.** In an action to vacate a judgment on the ground of fraud, the plaintiff must allege sufficient to show that the failure to secure a just decision at the former trial is not attributable to his own fault or negligence.

3. ——. Where the fraud relied upon, for the vacation of a decree admitting a will to probate, is of such a character that it would have been available to defeat the probate of the will, an allegation that the plaintiff had no actual notice of the proceedings, is not sufficient to excuse his failure to contest the will, where it appears that notice of the proceedings was given according to law, and he had notice of facts sufficient to put him upon inquiry.

APPEAL from the district court for Adams county: ED L. ADAMS, DISTRICT JUDGE. *Affirmed.*

*L. J. Capps,* for appellants.

*J. W. James, contra.*

ALBERT, C.

On the 2d day of June, 1900, an instrument purporting to be the last will and testament of Philip H. Miller, deceased, was duly admitted to probate by the county court of Adams county. The appellee, Mary E. Jacobs, is one of the children of the testator, and the principal beneficiary named in the will; the other appellee is her husband and executor under the will.

On the 26th day of December, 1900, the appellants filed a petition in said county court, asking the vacation of the decree admitting the will to probate. The petition filed in the county court is the same, in effect, as one afterward filed in the district court on appeal, which is hereinafter set out at length. The issues were made up and a trial had to the county court, which resulted in a judgment, rendered the 23d day of April, 1901, dismissing the action. The appellants carried the case on appeal to the district · court, where they filed the following petition.

"And now at this time came George Miller and Lovina Powell and represent unto the court the following facts, and present this their petition herein as follows, to wit:

"1st. Your petitioners show unto the court that George Miller, Lovina Miller, now Powell, and Mary Ellen Miller, now Mary Ellen Jacobs, are the only heirs at law of Philip H. Miller, deceased. That all of said persons are more than twenty-one years of age, and each of them own an undivided equal interest in the estate of said Philip H. Miller, deceased. That Christian Jacobs is the husband of said Mary E. Jacobs, and interested in this proceeding, by reason of the fact that he is the proponent of the alleged will . hereinafter mentioned. That all of said persons except Lovina Powell reside in Adams county, Nebraska; and that said Lovina Powell is a nonresident of the state of Nebraska. That said Philip H. Miller was the father of your petitioners and the said Mary E. Jacobs and that said Philip H. Miller left no wife surviving him.

"2d. Your petitioners further allege that at the time of the death of said Philip H. Miller, he was possessed of the east one-half (E. $\frac{1}{2}$) of the southwest quarter (S. W. $\frac{1}{4}$) section twelve (12), township six (6), range ten (10), in Adams county, Nebraska, together with a large amount of personal property, an exact description of which your petitioners are unable to give, and that said property which said decedent owned at the time of his death was and is of the reasonable worth and value of three thousand and no-100 ($3,000) dollars, and your petitioners are each

entitled to have and receive a one-third part of said property, less the reasonable costs and expenses of administration; that about the month of May, A. D. 1900, said Christian Jacobs presented for probate herein a certain paper, purporting to be the last will of one Philip H. Miller, deceased, and for letters testamentary; that there were and are no debts owing by said decedent to any person or persons, save and except the reasonable and ordinary charges incident to the administration of his said estate.

"3d. Your petitioners further allege that on or about the said month of May, A. D. 1900, a certain paper purporting to be the last will and testament of Philip H. Miller, deceased, was presented for probate by said Christian Jacobs, and such proceedings were had and done in and about that matter so that said alleged will of said decedent, dated January 8, A. D. 1894, was on the 17th day of May, A. D. 1900, filed in said court, and approved as such will of said decedent, on or about the 2d day of June, A. D. 1900.

"4th. Your petitioners further allege that neither of them have ever accepted anything provided by the terms of said will propounded herein, although they are advised that under the alleged terms of said will, they and each of them would be entitled to receive the sum of twenty and no-100 ($20) dollars, and no more.

"5th. Your petitioners further represent unto the court that said orders entered on or about the 2d day of June, A. D. 1900, relative to the proving of said will and the proceedings had therein, were not final and conclusive orders and judgments therein, but are ancillary orders and incident to the orderly administration of this estate, and that no final decree has ever been had or entered therein and that no final decree ought to be entered therein, making a disposition of the above described property and distributing the same, until the final determination of the matters and facts alleged in this petition, because your petitioners allege that if final decree were entered herein, and said alleged will finally established, all of the real estate described hereinbefore, would by the final decree of

said court be distributed and turned over to said Mary
E. Jacobs, thereby extinguishing the rights of your peti-
tioners in said estate and in said property.    Your peti-
tioners further allege that the personal property belonging
to said decedent was and is of insignificant value, the
exact value thereof your petitioners are unable to state.

"6th. Your petitioners further allege that said paper
filed therein, purporting to be the last will and testament
of Philip H. Miller, ought not to be finally probated and
allowed therein by this court because that said instrument
was not, and is not, the last will and testament of said de-
cedent, and that said decedent was for more than twenty
years last past wholly without testamentary capacity, men-
tally.    And that for about the period of ten years imme-
diately preceding the death of the decedent, he was ut-
terly unable to transact any sort of business, even of the
most ordinary kind, but therein was obliged to, and did,
rely upon others to transact the same for him.

"7th. Your petitioners further allege that from the year
1878 to 1891, and from this until the time of the death of
the decedent he grew steadily worse, and at no time during
any of the said period of time was he able to execute a
will, or transact any other ordinary business.

"8th. Your petitioners further allege the fact to be that
about the month of June, A. D. 1878, said Philip H. Miller,
sustained a severe and disabling sun stroke and heat
stroke and was found on his land by Mrs. George Miller
suffering from the existence of a high fever, and was taken
and cared for by your petitioner and his wife thereafter
until the month of March, A. D. 1891.    Your petitioners
further allege that shortly after this, and about the latter
part of June, A. D. 1878, said decedent again suffered
another and more intense heat stroke, and was thereafter
cared for by your petitioner, George Miller, and his wife,
until the said month of March, A. D. 1891.    Your peti-
tioners further allege, that said affliction affected the brain
and nervous system of said decedent to the extent that he
was unable to transact ordinary business, or execute the

proposed will in this case; that after said heat stroke he grew continually worse and lost his mind and memory. These facts were well known to the proponent of said will and to his wife, the beneficiary named therein. Your petitioners further allege that said Philip H. Miller departed this life on the 10th day of April, A. D. 1900, and the paper puporting to be his last will and testament was presented for probate on or about the 16th day of May, A. D. 1900. Your petitioners further allege that the proponent of said will and Mary E. Jacobs, the beneficiary therein, being fully aware of the mental condition of said decedent, aforesaid, by acts of kindness and by threats that he would lose his home with the proponent and said Mary E. Jacobs, induced said decedent to execute the paper purporting to be the last will and testament of said decedent, because they said to him it was his duty to do so in order to protect the said Mary E. Jacobs, on account of the care and provision made by her and the said proponent of said will, during the latter part of his, decedent's, lifetime. That the said proponent and the said Mary E. Jacobs procured the scrivener to draft the proposed will; that the proponent of said will notified the draftsman of said will, when to come to his house in the evening of the day said document was drafted, when said proponent could be at home; that the wife of said proponent, on account of the inability of said decedent so to do, gave to the person who drafted said paper, the names of the children of said decedent; that said decedent was unable to describe his land, and that the description thereof was furnished by the proponent of said will, and that without the undue influence of said proponent and his wife, both long prior to the signing of said paper, and at the time thereof, said decedent could not have executed the same; that the expense of drafting said will was paid for by said proponent; that the proceeds of the real estate herein described were sufficient to sustain said decedent, and this fact was well known to the proponent of said will, and his said wife, and that they handled and managed the same. Your petitioners further

allege that at the time of the execution of said alleged will, decedent was unable to go about unaided or to give directions to any one to take him to the land in question or elsewhere, and that after the heat strokes hereinbefore mentioned, said decedent was, until the time of his death, wholly without ability to make a will, and that the paper purporting to be his last will and testament was the result of the exercise of undue influence as herein stated; and that the procurement of the execution of the same by said proponent and his wife was a fraud upon the rights of your petitioners to the extent of one-third each in the value of the property which decedent had at his death; that the proponent and Mary E. Jacobs were in constant contact with decedent during the last ten years of his life and had it in their power to make his life pleasant or otherwise as they desired, and procured said purported will by means of the exercise of their undue influence as hereinbefore stated; that without the exercise of said undue influence said decedent never could have executed a will; that the proponent practiced a fraud upon this court in undertaking to probate said document as and for the last will and testament of said Philip H. Miller, deceased, he being in full knowledge of all the facts relative to decedent's want of mental ability to make a will, and also in obtaining a judgment and order allowing and approving such paper as and for the last will and testament of said decedent on or about the 2d day of June, A. D. 1900, and in each, all and every other proceeding had and done in this court at the instance of said proponent and said beneficiary Mary E. Jacobs, under said alleged will, relative thereto.

"9th. Your petitioners further allege that they had no knowledge of the proceedings in this matter, or any of the same, until late in the month of November, when they had their attention called thereto by the dealings of the proponent of said alleged will, with the personal property of said decedent, and in and about the disposing of the crops left by decedent upon the real estate hereinbefore de-

scribed; that immediately upon actual notice thereof, from said proponent and his wife, and following their inquiry into the proceedings had and done by said proponent, they commenced their action herein.

"Wherefore, your petitioners pray that said alleged will upon the final hearing in this case be not proven and probated, and that no final decree be entered in this proceeding. And your petitioners pray that no final decree shall, in any event, be entered in this court until the final hearing and settlement of this preceeding, and that a full and complete hearing may be granted to your petitioners and that said alleged will may, upon such hearing, be declared null and void, and not the will of said Philip H. Miller, deceased. And in particular your petitioners pray for a vacation and annulment of any and all orders made with reference to said proposed will in this court. And your petitioners further pray for such other, further and different order, judgment and decree in the premises as may be warranted by the evidence presented herein."

The appellees filed a motion to strike the petition and dismiss the appeal, on the ground, among others, that the facts stated in the petition were insufficient to constitute a cause of action. The district court sustained the motion and dismissed the appeal, and the appellants now appeal to this court.

The parties, in their argument to this court, proceed on the theory that the motion of the appellees filed in the district court, so far as it assails the sufficiency of the petition, is equivalent to a demurrer. In view of the nature of the case and the entire record, such theory is, probably, correct. However that may be, it is not out of place for this court to adopt the theory upon which the parties themselves have presented the case, and we shall, therefore, treat that portion of the motion referred to as a general demurrer. The question then presented is, whether the facts stated in the petition are sufficient to entitle the appellants to a vacation of the decree of the county court admitting the will to probate.

It is the settled rule, in this state at least, that under section 602 of the code a judgment clearly shown to have been obtained by fraud or false testimony, which it would be against conscience to enforce, will, on the application of the unsuccessful party and a showing of due diligence, be vacated and set aside. *Secord v. Powers,* 61 Neb. 615. In the same case, it was held: "The intentional production by a litigant, of false testimony to establish a cause of action or defense will, in a proper case, justify the annulment of a decree or judgment which is the product of such testimony."

The decree admitting the will to probate is based, of necessity, on testimony to the effect that at the time of making the will the testator was of sound mind; because, without such testimony, indulging the presumption of regularity in the proceedings as we must, such decree would be legally impossible. It is alleged in the petition that the testator, at the time of making the will, was of unsound mind and without testamentary capacity, and that the appellees, with full knowledge of his mental condition, not only induced him to make the will, but offered it for probate as his last will and testament, and procured the decree admitting it to probate as such. These allegations are all admitted by the demurrer, and the only logical deduction from the admitted facts is that the decree is the product of false testimony, adduced by the appellees with a full knowledge of its falsity. That of itself would amount to fraud in procuring the decree. *Secord v. Powers, supra.*

But it is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence. *Secord v. Powers, supra.* The allegations upon which the appellants rely, to negative negligence on their part, and to excuse their failure to resist the probate of the will, are as follows:

"Your petitioners further allege that they had no knowl-

edge of the proceedings in this matter, or any of the same, until late in the month of November, when they had their attention called thereto by the dealings of the proponent of the said alleged will, with the personal property of said decedent, and in and about the disposing of the crops left by decedent upon the real estate hereinbefore described; that immediately upon actual notice thereof, from said proponent and his wife, and following their inquiry into the proceedings had and done by said proponent, they commenced their action herein."

We do not think those allegations are sufficient to show due diligence on the part of the appellants, or to excuse their failure to contest the will when it was offered for probate. Proceedings in probate are *in rem*, and notice of such proceedings, of necessity, is generally constructive. It is not claimed that notice of the proceedings for the probate of the will was not given according to law; the most claimed by the appellants is that they had no actual notice of the proceedings. But that only goes to the question of their diligence. It is a familiar rule, that knowledge of facts sufficient to put a reasonably prudent person on inquiry is equivalent to notice of such facts as the inquiry would have disclosed, had it been pursued with due diligence. The testator was a resident of Adams county and died there on the 10th day of April, 1900, leaving an estate. Such facts were sufficient to put the appellants upon inquiry as to whether their father had died testate or intestate, and as to whether proceedings had been instituted to administer on his estate. Had such inquiry been instituted and pursued with due diligence, it would have led inevitably to a knowledge of the proceedings. But it does not appear that the appellants took a single step to inform themselves in regard to the estate, or whether any steps were being taken to administer it according to law, until long after the will was probated. That was not the conduct of an ordinarily careful and prudent person, which is the standard by which their conduct must be tested, but it is what appears to have been an indifferent and reckless disregard of their own rights.

32

It is true, as is urged, that the fraud in procuring the decree stands admitted by the demurrer; it is also true that the law abhors fraud, and, ordinarily, will not permit a party to retain the fruits of his fraudulent acts. But the peace and repose of society forbids that litigation should be prolonged indefinitely. The law, therefore, requires a litigant to present his defense seasonably. If, through his own negligence or want of diligence, he fails to do so, equity will not relieve him from the consequences of his own neglect or want of care. Were it otherwise, no man could know with certainty that any controversy was finally settled and at rest. As the petition shows no sufficient excuse for the failure of the appellants to contest the will when it was offered for probate, it is insufficient to justify a vacation of the decree. The demurrer, therefore, was properly sustained.

It is recommended that the judgment of the district court be affirmed.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.