IN RE ESTATE OF FERDINAND VODVARKA.
MARY KRAJICEK, APPELLANT, V. ESTATE OF FERDINAND VODVARKA, APPELLEE.

FILED FEBRUARY 26, 1915. No. 18,031.

1. **Wills: Probate: Jurisdiction.** When a county court had acquired jurisdiction of a proceeding to probate a will, and the hearing had been begun and some testimony heard, it did not lose jurisdiction merely by reason of the facts that by agreement between the proponent and contestant, with the consent of the county

judge, the further hearing was continued from time to time, and both parties appeared when the final hearing was had, although no entry was made of one of the continuances upon the docket.

2. ———: ———: DECREE: MOTION TO VACATE: SHOWING. A motion to open up a decree probating a will on the ground that the contestant was not informed of the time of the final hearing should set forth facts sufficient to show a *prima facie* defense against the probate of the will.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellant.

*F. Dolezal, contra.*

LETTON, J.

On October 11, 1909, Ferdinand Vodvarka filed his petition in the county court of Dodge county setting forth that his father Ferdinand Vodvarka died in that county leaving surviving him four children and six grandchildren, and praying that the instrument produced by him be admitted to probate as the last will and testament of the deceased. The 3d day of November, 1909, at 9 o'clock A. M., was fixed for the hearing of the petition, and it was ordered that notice be given by publication and also by personal service on the resident heirs. Notice was duly given, and on October 3, 1909, Mary Krajicek, one of the children and heirs at law, appeared, and filed objections to the probate of the will on the ground that the testator was of unsound mind, and was induced to execute the instrument by undue influence. At the time set for the hearing, the three other surviving children and the plaintiff appeared personally and by attorney. Witnesses were sworn, and by consent the further hearing of the case was continued until November 29. On November 29 the attorney for the petitioner appeared and asked that the cause be continued to December 6, 1909, which was done. On that day the attorney for petitioner requested the hearing be continued until December 11, 1909. On that day, no one appearing, the hearing was continued to January 10, 1910, by order

of the court. On April 25 the petitioner appeared and asked to have the hearing continued until the 3d of May, 1910. On that day the petitioner appeared by his attorney, Frank Dolezal, and the contestant also appeared by her attorney, J. C. Cook, and the record recites: "No further evidence or proof being offered by the parties to this proceeding, by consent of counsel this cause was submitted to the court upon the petition of Ferdinand Vodvarka, and the objections of Mary Krajicek, and the testimony taken in open court on the 3d day of November, 1909, of Nick Diechmann and Fred Renter, the subscribing witnesses to said instrument, purporting to be the will of said deceased, also the testimony of Herman Holsten, witness for petitioner." The court then found that the will was valid in all respects and admitted it to probate.

On July 8, 1910, a motion was filed in the county court by Mary Krajicek to vacate the decree for the reasons that the continuances were irregular; that she had no notice of the hearing set for the 3d day of May, 1910; and that the court was without jurisdiction to act upon that day. This motion was supported by the affidavit of Mary Krajicek that she was not informed by her attorney or any one else of the hearing on May 3, 1910; that he had promised to notify her of the time the matter would be heard; that she knew nothing of the order until a short time before July 2, 1910; and also stated that "she has a good defense against said will being admitted to probate as the last will and testament of said deceased." Objections to the vacation of the decree were filed, supported by the affidavits of Frank Dolezal and of J. C. Cook. Mr. Dolezal's affidavit, in substance, is to the effect that several continuances were made by agreement between himself and Mr. Cook with the knowledge and consent of the county judge. Mr. Cook's affidavit corroborates that of Mr. Dolezal, and sets forth further that he explained to the contestant several times that she must produce witnesses to sustain the charges made in her objections, but that she failed to give him the name of any witness or disclose any proof; that he had made independent inquiries of the physician treat-

In re Estate of Vodvarka.

ing the deceased and of others, and that none of such persons showed any knowledge of facts tending to sustain the contest; that prior to the 3d day of May, 1910, he informed contestant of the date of the hearing, and that, unless she indicated to him or pointed out some witnesses with proof of the objections, he would have nothing further to do with the cases; but that the contestant did not appear on that day, although he had given her timely notice and ample opportunity to be present. The case was taken to the district court by proceedings in error. The district court found no error and affirmed the order of the county court.

The question presented is whether the court lost jurisdiction by the failure to continue the hearing from January 10, 1910, to a specified time. We are not of that opinion. The proponent had produced his evidence and rested. A county court in the exercise of its probate jurisdiction is not bound by the statute which fixes terms within which its jurisdiction in civil cases must be exercised. There is nothing in the statute to prevent a county judge from taking a case under advisement and rendering his decision at any time at which the parties are present either in person or by their attorneys. This is also the case where the proceedings are by agreement of the parties left open for a short time for the purpose of obtaining further testimony. None of the cases cited by the appellant are applicable to the facts presented here.

Furthermore, the allegations in the motion to open up the judgment and set aside the decree are inadequate. While pleading the conclusion that the contestant has a good defense against the admission of the will to probate, it entirely fails to set forth sufficient facts to constitute a *prima facie* defense.

The judgment of the district court is

AFFIRMED.

Rose and Sedgwick, JJ., not sitting.