IN RE ESTATE OF JOSEPH JOSEPHSON.
CARL JOSEPHSON ET AL., APPELLANTS, V. GUST STROM, AD-
MINISTRATOR, APPELLEE.

292 N. W. 595

FILED JUNE 7, 1940. No. 30831.

*G. H. Seig* and *M. L. McBride,* for appellants.

*Henry J. Beal, Peter E. Marchetti* and *Raymond E. Mc-Grath, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and BLACKLEDGE, District Judge.

PAINE, J.

This was an action in equity, commenced in the county court, to set aside an order approving the final account and discharging an administrator on the ground of fraud alleged to have been practiced by the said administrator and his attorneys. The action was dismissed by the county judge and upon appeal and trial in the district court it was likewise there dismissed, and the heirs appeal to this court.

Joseph Josephson died intestate in Omaha, Nebraska, August 8, 1930, leaving seven children, who were all adults, and none of whom lived in Douglas county. Two of them lived at Holdrege, Nebraska, others lived in Colorado, California, and Montana.

Gust Strom, the brother of the deceased (although bearing a different name), lived in Omaha, and followed the trade of a carpenter, and he was agreed upon after the funeral, which was held at Holdrege, as the one to handle the estate, and thereafter was appointed administrator, and

took charge of the two pieces of residence property and a small farm of 44.36 acres in Sarpy county, as well as the personal property, among which were two mortgages. No inventory was filed for several years after the administrator was appointed, but the administrator collected the rents and kept the property in repair, and finally filed a final report, which was approved, and a final decree was entered December 1, 1936, and the administrator was discharged on December 15, 1936.

The final report, covering the period from September 13, 1930, to July 31, 1936, set out that he had collected rents from the

| | |
|---|---:|
| Duplex at 2590 and 2592 Ellison avenue of | $3,281.15 |
| Rents from 4421 California street of | 1,047.25 |
| Rent from Sarpy county farm of | 715.00 |
| Compromised a $500 mortgage for | 170.00 |
| Received from foreclosure sale of the other mortgage, | 300.00 |
| Cash on hand September 13, 1930, | 66.00 |
| Miscellaneous collections, | 31.90 |
| Total receipts, | $5,611.30 |

Then there are listed three pages of over 80 items of itemized expenditures of all kinds to keep up the property, and miscellaneous expenses, amounting to a total sum of

5,384.22

Balance on hand, $ 227.08

In the case at bar, the seven heirs filed the amended petition in equity in the county court on June 24, 1938, setting up that they are the sole heirs at law of Joseph Josephson, deceased; that they had confidence in the integrity and ability of their uncle, Gust Strom, and being nonresidents of Douglas county they believed that the estate would be honestly administered by him; that Mamie Valine, one of the seven heirs, retained Dora Nelson, an attorney of Holdrege, Nebraska, to investigate the affairs of said estate, to attend the hearing upon final account of said administrator, to file objections, and require a proper accounting as the facts might warrant; that when the hearing was held on

December 1, 1936, said Dora Nelson attended the hearing, made no objections to the final report, and consented to the approval thereof, whereupon the administrator was discharged.

The seven heirs further represent to the court that said administrator and said Dora Nelson and the attorneys for the administrator perpetrated a fraud upon the court and the heirs in that said report was false in many particulars, and that said administrator had failed to account for all of the property coming into his hands; that he made a false report of the rents collected upon the property at 2592 Ellison avenue, and also upon the property located at 4421 California street, in Omaha, Nebraska, and failed to report balance of $992.75; that the estate owned a mortgage upon certain real estate, being two lots in Walnut Hill in the city of Omaha, said mortgage being for $800, and that said mortgage was foreclosed, and bid in by H. C. Schoening, who was a relative of Henry J. Beal, attorney for the administrator, for the sum of $300, although the property was worth approximately $2,000; that said Schoening obtained a sheriff's deed for the property on October 26, 1934, and that on December 28, 1934, said Schoening gave a quitclaim deed to said property to Thyra H. Strom, daughter of administrator Gust Strom, and who resides in his home, and that she now holds legal title thereto; that Gust Strom made application to the Omaha Loan & Building Association for a loan of $1,000 on the real estate, representing that said property was of the value of $2,100, there having been improvements made thereon, and on February 27, 1936, said association made a loan to Thyra H. Strom in the sum of $1,000, all of which is a fraud upon the heirs, who did not become aware of the true situation until after the administrator had been discharged and the statutory time to appeal from the decree on final account had expired, and that they have no adequate remedy at law unless the final decree is vacated and set aside by reason of said fraud, false representation, and wrongful conduct of the administrator and the said attorneys.

To this amended petition, an answer was filed by the administrator, setting up that the same plaintiffs filed a petition on the same alleged cause of action, and that a demurrer filed thereto on October 20, 1937, was sustained, and subsequently plaintiffs appealed that decision to the district court for Douglas county, Nebraska, and thereafter a motion to strike said petition was filed by the administrator, and subsequently the plaintiffs on their own motion dismissed said appeal, and that the said plaintiffs subsequently filed another action in the district court for Douglas county, Nebraska, presenting the same issues, and that demurrer was filed to said last named petition and sustained by the district court, wherefore the answering administrator prays that petition be dismissed for the reason that the matters presented for adjudication are *res judicata,* having already been adjudicated by the county court on October 20, 1937, and having already been adjudicated by the district court, and the administrator prays that the action be dismissed. The reply was a general denial.

On February 20, 1939, trial was had in the county court, the administrator appearing by his attorneys, Henry J. Beal, Raymond E. McGrath and Peter E. Marchetti, and Dora Nelson, attorney for petitioners during the administration, appearing in person, the petitioners appearing by G. H. Seig and M. L. McBride, their attorneys. After the trial Bryce Crawford, county judge, entered an order of dismissal on February 23, 1939, finding that Dora Nelson was retained as attorney for the petitioners; that she appeared upon the final hearing, and that Dave Josephson, one of the petitioners, also appeared on said final hearing and approved the same; that there was no fraud practiced by Gust Strom, administrator, nor by his attorneys, nor by Dora Nelson, attorney for the petitioners, and that there was no evidence before the court that Gust Strom as administrator had purchased the two lots in Walnut Hill at the foreclosure sale; that there is no evidence that said property did not bring a fair price on said sale; that there is no evidence that the purchaser or subsequent owner realized a profit

therefrom. The court further found that there are no grounds shown by the evidence introduced upon which to vacate or set aside the decree on final account entered, nor the discharge of the administrator, and that the amended petition in equity should be dismissed without prejudice.

An appeal was taken to the district court, where a stipulation was entered into on March 23, 1939, that said matter should be tried in the district court upon the pleadings filed in the county court as contained in the transcript.

The trial in the district court began on May 9, 1939, the decree being entered June 13, 1939, by John A. Rine, district judge, which found that Dora Nelson represented all of the heirs of Joseph Josephson in the county court; that she was an attorney, and familiar with all of the proceedings and acts of the administrator, and knew of the foreclosure of the property consisting of two lots in Walnut Hill in Omaha; that Henry J. Beal and Raymond E. McGrath, as attorneys for the administrator, or Dora Nelson, attorney for the petitioners, did not practice any fraud, concealment, or misrepresentation whatever with reference to the administration of said estate, or the closing up the affairs of said estate; that there is no evidence that the administrator has not faithfully and properly accounted for all rents and receipts of money in said estate.

The court further found that there are no grounds shown by the evidence upon which to vacate or set aside the decree on final account entered by the county court of Douglas county, or the discharge of the administrator entered December 15, 1936, and the amended petition in equity of the seven heirs was thereupon dismissed, from which decree the said heirs appealed to this court. The evidence taken in the district court is contained in a bill of exceptions of nearly 500 pages.

The petitioners set out ten errors relied upon for reversal, alleging that the decision of the district court is contrary to the undisputed record of the evidence, that the court erred specifically in finding that the property consisting of two lots in Walnut Hill, Omaha, was not purchased for the

administrator at the foreclosure sale, and in finding that $300 paid at the foreclosure sale was a fair price for these two lots.

The administrator, Gust Strom, testified that he was 62 years of age, had been a carpenter over 50 years, had lived in Omaha 37 years, was a married man with a family, and that Thyra H. Strom was his daughter, and was about 24 years of age; that he took charge of the property, collected the rents, kept the houses repaired; that there were some periods of vacancy, and that even when occupied he was not always able to collect all of the rents from the tenants; that he kept a record in the same book, exhibit No. 26, that his brother left, in which he put down every cent of money collected and every penny paid out; that it was all in his handwriting. More than 60 exhibits of pages from account books, receipts for repairs to the houses, taxes paid, and miscellaneous items were introduced in evidence.

The principal proposition with reference to. the fraud charged was in reference to the foreclosure of the $800 mortgage held by the administrator for the estate upon property located at 4355 Charles street, Omaha. The delinquent taxes on this property amounted to $279.41. It was testified to be "just an old gray shanty." H. C. Schoening was in charge of the tax foreclosure department in the county attorney's office, and was present at the sale. A very low bid had been made, and he bid it in at $300, and after receiving a sheriff's deed sold it to Thyra H. Strom, who owned it at the time of the trial in the district court. This court is unable to discover any reason why she did not have a right to buy it, or in what way the estate was defrauded in any way in this transaction.

It may be admitted that this court has held that, where a trustee actually deals with trust property in the name of another, or by means of an agency which he himself controls, he will be deemed to have transacted the business in his individual name and as an individual. *Rotzin v. Miller,* 134 Neb. 8, 277 N. W. 811. However, the facts of the case at bar do not bring it within this holding.

In a guardianship case this court recently held that an order of a county court approving a final settlement between a guardian and his ward can only be vacated on such proof of fraud as would justify the setting aside of any other judgment, and, further, in such a case it must be shown that the facts on which the petition was based were unknown to the petitioner until after the decree approving the final settlement, and a mere allegation of ignorance coupled with an admission of facts sufficient to put petitioner on inquiry will not suffice. *In re Guardianship of Protsman,* 136 Neb. 192, 285 N. W. 494.

"In an action to vacate a judgment on the ground that it was obtained by fraud the plaintiff must allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision was not attributable to his own fault or negligence." *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846. See, also, *Miller v. Estate of Miller,* 69 Neb. 441, 95 N. W. 1010.

It is axiomatic that an administrator must strictly account for everything he receives, and if any of the acts in handling a trust estate are fraudulent, or if the administrator personally profited from his handling of the affairs of the estate, his final report and discharge should be set aside, and the whole matter opened up for the fullest examination. However, the mere fact that the daughter of an administrator purchased two lots of the man who originally bid them in, and secured a sheriff's deed, does not on the face of it appear wrong. Neither is it shown that the estate lost in any way by this transaction. To charge fraud by strong allegations in a pleading is one thing; to prove it is quite another.

A careful examination of the evidence fails to disclose that there has been a breach of trust, or violation of any duty, either wilful or fraudulent, on the part of this administrator. Nor do we find that he has made any personal profit out of the trust property at the expense of the estate.

Having reached this conclusion, the order of the trial court in dismissing the amended petition is hereby

AFFIRMED.