IN RE ESTATE OF AUGUST REIKOFSKI.
ALBERT REIKOFSKI, APPELLANT, V. RUDOLPH E. REIKOFSKI ET AL., APPELLEES.

14 N. W. 2d 379

FILED MAY 5, 1944. No. 31744.

*W. G. Whitford,* for appellant.

*Moyer & Moyer* and *Ralph M. Kryger, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and WENKE, JJ.

MESSMORE, J.

This case originates in the county court of Antelope coun-

ty where the appellees filed a petition to set aside a decree of the court admitting the codicil of a will to probate, to enable the appellees to file objections to the probate of such codicil. The transcript discloses:

August Reikofski, late of Tilden, Antelope county, departed this life March 16, 1942, leaving as his heirs the widow, six sons, six daughters and a grandson, child of a deceased son. Albert Reikofski filed a petition in the county court to probate the last will and testament of August Reikofski, deceased, executed July 15, 1935, and a codicil executed February 13, 1942. The notice of probate was published in the Oakdale Sentinel, located in Antelope county, in which August Reikofski resided at the time of his death. On May 8, 1942, the will and codicil were regularly admitted to probate. On May 29, 1942, the appellees, a daughter and two sons of the deceased, filed petition in the county court to set aside the decree of May 8, 1942, admitting the codicil to probate, and that petitioners be permitted to file objections to the admission of such codicil to probate. The will was not attacked. We will review the allegations of the petition in the opinion as occasion requires.

A motion to require appellees to make the application more definite and certain was overruled on September 8, 1942. On August 13, 1942, the appellant filed a demurrer to the petition of appellees, stating therein:

"1. The court has no jurisdiction of the subject of the action.

"2. There is a defect of parties, plaintiff.

"3. The 'Application' does not state facts sufficient to constitute a cause of action against this proponent."

On September 30, 1942, the county court overruled the demurrer. Appeal was perfected and the cause was submitted to the district court on the transcript from the county court. On August 28, 1943, the district court overruled appellant's demurrer and granted five days in which to plead further. Appellant elected to stand on his demurrer; hence this appeal.

A general demurrer admits only facts that are well plead-

ed and does not admit conclusions of law or the conclusions of the pleader. *Scully v. Central Nebraska Public Power and Irrigation District,* 143 Neb. 184, 9 N. W. 2d 207.

Paragraph V of the appellees' petition alleges: "Petitioners further state that all facts relative to the probate of said will and to the hearings thereon were deliberately and intentionally concealed from your petitioners by certain of said heirs. That the notice of probate of said Will was published in the Oakdale Sentinel and that your petitioners were not subscribers to said paper and never saw or heard of said notice of probate and never knew that a Decree of Probate had been entered in said cause until ten days thereafter, and had no actual notice of said notice of probate." The foregoing allegation bears on the subject of appellees' diligence and is the only allegation in the petition disclosing what, if any, diligence was exercised by the appellees with reference to the probate of the codicil.

The Oakdale Sentinel, in which the notice was published, is a legal newspaper in Antelope county, fully qualified to publish legal notices. No other notice was required of the proponent to any of the parties in interest; nor was it the duty of the proponent to ascertain whether any or all of the parties in interest were subscribers to such newspaper. In fact, there is no attack made on the legality of the notice, so we conclude that the notice is proper in all respects.

On the proposition of exercising diligence, in 49 C. J. 58, it is said: "It is, as a rule, not sufficient to allege generally that due diligence has been used, but the facts constituting diligence must be set out."

Appellees allege further, in paragraph VII of their petition: "That petitioners failure to attend the hearing on May 8, 1942 was because they had no personal knowledge or notice of said hearing, all of which was without fault or negligence on their part." That had they been advised of the date of said hearing they would have attended the same and would have filed objections to the probate of the codicil of the will.

In analyzing the appellees' petition as to the diligence ex-

ercised by them, we conclude that such petition is insufficient in that it fails to allege facts constituting diligence.

In an action to vacate a decree of the county court to set aside the probate of a codicil on the ground of fraud, "the plaintiff must allege sufficient to show that the failure to secure a just decision at the former trial is not attributable to his own fault or negligence." *Miller v. Estate of Miller*, 69 Neb. 441, 95 N. W. 1010.

Taking cognizance of the appellees' petition and allegations V and VII thereof, as heretofore set out, we now make reference to allegations in paragraph IV therein, reading as follows: "That seven days prior to the execution of said alleged Instrument, the said August Reikofski, who was 86 years of age, had for a valuable consideration executed a release of certain mortgage indebtedness owing by Rudolph E. Reikofski to the deceased and had surrendered and cancelled the said mortgage and note. The execution of said release and the cancellation of said indebtedness having been made at the special instance and request of the said August Reikofski in order that the purported indebtedness of the said Rudolph E. Reikofski to deceased might be cancelled and discharged. That at the time said Codicil was presented to the said August Reikofski for his signature it was falsely represented to him, that it was necessary for him to sign said instrument in order to complete the execution of the mortgage release and the cancellation of indebtedness of his said son Rudolph E. Reikofski. That the said August Reikofski was unable to read the English language and was unable to and did not understand the meaning and purport of said Codicil and said Codicil was not in fact executed by him nor is it his voluntary act and deed."

A careful analysis of the foregoing paragraphs discloses that they are not sufficient to show due diligence on the part of the appellees, or to excuse their failure to contest the codicil when it was offered for probate. "Proceedings in probate are *in rem*, and notice of such proceedings, of necessity, is generally constructive." See *Miller v. Estate of Miller, supra.*

Referring to paragraphs V and VII of their petition, the most claimed by the appellees is that they had no notice of the proceedings; that, if they had had such notice, they would have been present at the hearing when the codicil was offered for probate. In the *Miller* case it was said that such statements only go to the question of diligence.

As heretofore stated, the testator was a resident of Antelope county and died March 16, 1942, leaving an estate. Such facts were sufficient to put the appellees on inquiry as to whether or not their father had died testate or intestate, and as to whether proceedings had been instituted to administer his estate. Again, almost the identical language appears in *Miller v. Estate of Miller, supra.* The following language, which is pertinent to the petition here, also appears in the *Miller* case (p. 449) : "Had such inquiry been instituted and pursued with due diligence, it would have led inevitably to a knowledge of the proceedings. But it does not appear that the appellants took a single step to inform themselves in regard to the estate, or whether any steps were being taken to administer it according to law, (in the instant case three weeks after the codicil had been admitted) * * * . That was not the conduct of an ordinarily careful and prudent person, which is the standard by which their conduct must be tested, but it is what appears to have been an indifferent and reckless disregard of their own rights." On the proposition of pleading due diligence and pleading diligence, the foregoing language in the *Miller* case applies directly to the circumstances as shown in the instant case.

With reference to paragraph IV of the appellees' petition, heretofore quoted, there is nothing in such paragraph to show who, if any person, had falsely represented to the deceased that it was necessary for him to sign said instrument in order to complete the execution of the mortgage release and the cancellation of indebtedness of his son Rudolph E. Reikofski. A petition setting forth facts sufficient to constitute a defense to the probate of a will and codicil does not meet the requirements necessary to be set forth in

a petition to set aside a decree of the county court admitting a will and codicil to probate. More is required to be pleaded, as stated in *Miller* v. *Estate of Miller, supra*: "These allegations are all admitted by the demurrer, and the only logical deduction from the admitted facts is that the decree is the product of false testimony, adduced by the appellees with a full knowledge of its falsity. That of itself would amount to fraud in procuring the decree. *Secord v. Powers, supra* (61 Neb. 615, 85 N. W. 846).

"But it is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence."

The appellees' petition does not reflect that which is required to enable them to obtain the relief which they seek. "The petition, complaint, or moving papers must show, not generally or inferentially, but by specific averments, that the applicant (petitioner) has not been in fault, or that he has exercised due diligence and vigilance." 34 C. J. 329.

In *In re Estate of Josephson*, 138 Neb. 193, 292 N. W. 595, this court held: "An order of the county court, approving a final report and discharging an administrator, can only be set aside on proof of such fraud as would justify the setting aside of any other judgment." Likewise, to set aside a decree admitting a codicil to probate would require the same proof.

Apparently appellees are relying on fraudulent concealment and contend that paragraphs V, VI and VII of their petition are sufficient pleading in this respect. We have heretofore set out, in part, paragraphs V and VII.

Paragraph VI refers to a premature reading of the will and codicil by certain heirs, who deliberately and intentionally failed to notify the petitioners of said premature reading and hearing and failed to notify or advise the petitioners of the facts gained thereat, appellees' contention being that, by demurrer, appellant admits all facts, relative to the probate of the codicil and the hearing thereon, were delib-

erately and intentionally concealed from said heirs, constituting an admission by appellant that everything was done that was necessary to deprive the appellees of notice of the fact that there was a will, and particularly a codicil, and that it was being offered for probate, and that such concealment successfully deprived the appellees of knowledge of the probate proceedings.

The mere allegation of concealment or fraudulent concealment, or to deliberately and intentionally conceal, is insufficient pleading. It is necessary to allege a duty to disclose or opportunity to disclose, neither of which is pleaded in the petition. The petition alleges the act complained of was committed by certain of the heirs. Such is not an allegation of fact sufficient to show fraud, if any, perpetrated by the real party in interest.

In *National Park Bank v. Louisville & N. R. Co.*, 199 Ala. 192, 74 So. 69, the court held: "To maintain an action for fraudulent concealment, there must be shown a duty to disclose the truth, and that the disclosure was not made when opportunity was presented whereby the party to whom the duty was due was induced to act to his injury." See 3 Pomeroy, Equity Jurisprudence (5th ed.) sec. 900.

In the instant case there is an absence of averments showing facts and circumstances of the concealment under such pleading. As said in *Kent v. Snyder*, 30 Cal. 667, 674: " * * * the complaint must be held to be as destitute of allegations of fraud as if it was entirely silent on the subject." See, also, *Feeney v. Howard*, 79 Cal. 525, 21 Pac. 984. In *Madsen v. Madsen*, 72 Utah 96, 269 Pac. 132, it was held: "An allegation that an act was fraudulently done or that one fraudulently conceals is merely a conclusion and characterization." The foregoing authorities state the generally accepted rule. See, also, 27 C. J. 31.

Appellees contend that in *Miller v. Estate of Miller*, *supra*, there was no fraud or deceit or concealment, extrinsic of the record, and that this court very reluctantly denied relief because of lack of diligence; that by the averments in a demurrer of certain facts heretofore stated, the words,

"deliberately and intentionally concealed," contained in appellees' petition, and used in co-ordination with other facts, constitute the statement of an ultimate fact as against a conclusion of law. There is no allegation in the appellees' petition of extrinsic fraud well pleaded. Whether the fraud pleaded in *Miller v. Estate of Miller, supra,* is extrinsic, or not, the opinion holds that it is still necessary to show diligence.

The demurrer raises the point of defect of parties. Actions of the type here involved are *in rem,* and every person interested in the subject matter is a party in the county court, whether named or not. Such person may appear for the purpose of protecting his interest in the county court, and an appeal to the district court removes the whole case to that court. See Dame, Probate and Administration (3d ed.) 16, sec. 17; 33 C. J. S. 890, sec. 12; *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675; *Nilson v. Tekamah Investment Co.,* 133 Neb. 180, 274 N. W. 465; *In re Estate of Statz, ante,* p. 154, 12 N. W. 2d 829.

By the provisions of section 16, art. V of the Constitution of Nebraska and of section 27-503, Comp. St. 1929, the county court has exclusive original jurisdiction of all matters relating to the settlement of estates of deceased persons. *Starr v. Fidelity & Deposit Co.,* 134 Neb. 240, 278 N. W. 478; *In re Estate of Jurgensmeier,* 142 Neb. 188, 199, 5 N. W. 2d 233; *In re Estate of Statz, supra.*

The part of the demurrer referring to defect of parties is overruled, and the part of the demurrer, that the court has no jurisdiction of the subject of the action, is overruled.

Appellant contends that the record discloses the decree admitting the codicil to probate was rendered May 8, 1942; that appellees filed a petition to vacate the decree May 29, 1942; that the demurrer was filed August 13, 1942, and was overruled by the county court September 30, 1942; that the statute (Comp. St. 1929, sec. 20-2009) provides that there are three terms of four months each applying to the county court, the first term starting the first day of January of each year; therefore, the ruling having been made in the

September term, the rule as announced in *Schuyler Bldg. & Loan Assn. v. Fulmer,* 61 Neb. 68, 84 N. W. 609, *Lyman v. Dunn,* 125 Neb. 770, 252 N. W. 197, and *Cronkleton v. Lane,* 130 Neb. 17, 263 N. W. 388, and other cases cited, applies.

We are not in accord with the appellant's contention on this point. In the case of *In re Estate of Vodvarka,* 97 Neb. 757, 151 N. W. 298, appears this language (p. 760) :

"A county court in the exercise of its probate jurisdiction is not bound by the statute which fixes terms within which its jurisdiction in civil cases must be exercised. There is nothing in the statute to prevent a county judge from taking a case under advisement and rendering his decision at any time at which the parties are present either in person or by their attorneys." The *Vodvarka.* case has never been modified or overruled. In addition, the instant case comes under section 20-2001, Comp. St. 1929, which provides in part:

"A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made: * * * For fraud practiced by the successful party in obtaining the judgment or order; * * * ."

The petition attempts to charge fraud in the procuring of the probate of the codicil. In connection with section 20-2001, *supra,* section 20-2009, Comp. St. 1929, provides that the provisions of article 20, ch. 20, which includes section 20-2001, shall apply to the county court and that the parties "shall be limited to the same time in which to commence proceedings; and in estimating time, the county court shall, for such purpose, be considered as holding, in each year, three terms of four months each, the first commencing on the first day of January of each year." This being true, it would be immaterial when the county court ruled on the demurrer, or in what term the hearing was had on the petition to set aside a decree admitting the codicil to probate. The appellant's contention in this respect is without merit.

We hold that the cause be reversed and remanded, with

directions to sustain the appellant's demurrer to the petition, in that the petition does not state facts sufficient to constitute a cause of action against the proponent, and that the demurrer be overruled in all other respects.

REVERSED, WITH DIRECTIONS.