In re Estate of John Gleason, deceased.
Helene I. Gleason et al., appellants, v. Helen Gleason Poore, appellee.
92 N. W. 2d 705

Filed November 7, 1958. No. 34431.

*William H. Meier,* for appellants.

*Dryden & Jensen,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the district court for Kearney County granting a new trial.

The evidence shows that John Gleason died on March 21, 1956, leaving a will. On March 28, 1956, a petition was filed in the county court of Kearney County praying for the admission of the will to probate. On the same day an order was made setting the matter for hearing on April 19, 1956, at 10 a. m., and directing the publication of notice as required by law. Notice was duly published. On April 19, 1956, a hearing was had. The witnesses to the will appeared and testified, and the will was duly admitted to probate. On April 27, 1956, the objector, a daughter of the deceased, filed a motion in the county court praying that the judgment of the county court be set aside and attached thereto a proposed answer which, among other things, alleged that the will of the deceased was the result of undue influence. A demurrer

was filed to the motion on the ground that the application failed to state a cause of action and for the further reason that it failed to allege diligence on the part of the moving party, or to otherwise excuse her failure to contest the will at the time of the hearing resulting in the order admitting the will to probate by the county court. The demurrer was sustained, and the objector refused to plead further and appealed to the district court. The proponents thereafter filed their petition in the district court, setting forth substantially the facts hereinbefore recited. The objector subsequently filed her answer in the district court, which among other things alleged undue influence. Proponents filed a motion to strike the allegations of undue influence. The motion to strike was sustained. A jury was waived and a trial had to the court. The trial court found that the will was in all respects properly executed and that the deceased had testamentary capacity at the time the will was executed; and admitted the will to probate. The trial court refused to permit evidence of undue influence at the trial. The motion for a new trial was sustained on the ground that the issue of undue influence was erroneously eliminated. Proponents appealed from the order granting a new trial.

The evidence shows that the objector had notice and actual knowledge of the hearing of April 19, 1956, in the county court seeking to have the will admitted to probate. The record affirmatively shows that objector had full and complete knowledge of the issues to be determined at the hearing. No showing of diligence by the objector was made. This court has stated the applicable rule as follows: "A petition setting forth facts sufficient to constitute a defense to the probate of a will and codicil does not meet the requirements necessary to be set forth in a petition to set aside a decree of the county court admitting a will and codicil to probate. More is required to be pleaded, as stated in Miller v. Estate of Miller, supra: 'These allegations are all ad-

mitted by the demurrer, and the only logical deduction from the admitted facts is that the decree is the product of false testimony, adduced by the appellees with a full knowledge of its falsity. That of itself would amount to fraud in procuring the decree. Secord v. Powers, supra (61 Neb. 615, 85 N. W. 846). But it is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence.'" In re Estate of Reikofski, 144 Neb. 735, 14 N. W. 2d 379. See, also, Miller v. Estate of Miller, 69 Neb. 441, 95 N. W. 1010. The motion of objector to vacate the order of the county court admitting the will to probate was properly denied and the tendered answer accompanying the motion did not become a part of the pleadings at the hearing on the petition to admit the will to probate in the county court.

The probate of a will of a deceased person is a proceeding in rem and all persons interested therein are parties thereto. A person affected thereby may appeal from a final order of the county court concerning the will to the district court without regard to whether or not he appeared and contested the probate of the will in the county court. But when such an appeal is taken, the person appealing must take the county court pleadings as he finds them. He may not change the issues on appeal. This question was determined in the case of In re Estate of Shierman, 129 Neb. 230, 261 N. W. 155, wherein the court said: "The district court has no power upon appeal or as an original action to permit an election and hear the contest of a will except on an appeal of such proceedings from the county court. The county court has original exclusive jurisdiction of the probate of wills and the contest thereof in the first instance." See, also, Weideman v. Estate of Peterson, 129 Neb. 74, 261 N. W. 150.

The objector filed her answer on appeal by which she denied the testamentary capacity of the deceased at the time the will was executed and alleged that the will was not executed in the form and manner provided by law. It is not questioned that these were issues in the county court that could be properly presented on appeal by the objector. In addition thereto the objector pleaded undue influence, an issue not raised in the county court. This issue was subject to a motion to strike on the ground of variance with the pleadings in the county court. The district court properly sustained the motion to strike the allegations of undue influence in the district court. On the trial of the case the court refused to permit evidence of undue influence. The trial court was clearly correct in ruling out evidence of undue influence. The trial court thereupon admitted the will to probate and dismissed the answer of the objector. The trial court on motion for a new trial held that the issue of undue influence could properly be raised in the district court, even though it had not been previously raised in the county court, and granted a new trial. The order granting a new trial was clearly erroneous.

The objector relies upon the case of In re Estate of Benson, 162 Neb. 825, 77 N. W. 2d 572, to sustain the granting of the new trial. It is the contention of objector that this case holds that new issues may be raised on appeal to the district court in a probate case whether or not they were first raised in the county court. This requires an examination of the holding of that case.

A careful consideration of the opinion in the Benson case shows that two heirs of the deceased who had not made an appearance in the county court appealed from the order of that court admitting the will to probate. The opinion holds that such heirs had a right to appeal since they were parties in the county court in an in rem proceeding. On appeal they pleaded lack of testamentary capacity and unsoundness of mind of the de-

ceased when the instrument was made. These were issues raised in the county court which could properly be raised on appeal in the district court. The contention that the two heirs could not intervene in the district court was overruled, the court saying: "Appellant was qualified to prosecute an appeal from an adjudication of the county court that the instrument proposed for probate was the will of the deceased. She timely and duly exercised that right. She was entitled to appear by pleading and otherwise and contest the validity of that instrument as the will of the deceased in the district court."

The opinion shows that the two heirs on appeal raised the issue of undue influence by their pleading. The fact that issues were alleged which were at variance with the issues raised in the county court does not warrant the striking of the pleading where proper issues were contained in it. The issues can be properly limited in such a situation by an appropriate motion to strike the allegations at variance with the issues raised in the county court.

We point out that the Benson case holds that the county court has original exclusive jurisdiction in all matters concerning the probate of the will of a deceased person. To permit the raising of new issues in the district court on appeal would have the effect of depriving the county court of its original exclusive jurisdiction to that extent. The previous decisions of this court consistently hold that an appeal to the district court in a probate proceeding limits the issues to those raised in the court below as in other cases. In re Estate of Shierman, *supra;* Weideman v. Estate of Peterson, *supra.* It would be novel indeed if we should hold that a party could properly be denied the right to vacate an order of the county court in order to assert a new issue because of the party's actual notice of the hearing and a want of due diligence in protecting his interests only, to have the same matter presented with judicial approval for the first time

on appeal in the district court. While there may be some language in the opinion that tends to support the objector's position, it does not in fact do so. The previous decisions of this court are not criticized nor overruled, nor is there a clear intention expressed to depart from those holdings. We necessarily conclude that the case of In re Estate of Benson, *supra,* does not hold as the objector contends. It does not support the action of the trial court in granting a new trial. We adhere to the rule that there may not be a change of issues on appeal to the district court in a probate proceeding and any purported holdings to the contrary in our previous. decisions are disapproved.

Under the authority of the rule announced in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, the order granting a new trial is reversed and the cause remanded with directions to the trial court to reinstate the judgment of the trial court.

REVERSED AND REMANDED WITH DIRECTIONS.