In re Estate of Agnes V. Panter, deceased.
Robert Wallace Flint, appellant, v. Byron D. Panter,
Executor of the Estate of Agnes V. Panter, deceased,
APPELLEE.

193 N. W. 2d 279

Filed December 30, 1971. No. 37977.

Woods, Aitken, Smith, Greer, Overcash & Spangler, Richard L. Spangler, and Jack Craven, for appellant.

Gerald J. Hallstead, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Boslaugh, J.

This is an appeal in an action to vacate a decree admitting a will to probate.

Agnes V. Panter died on July 13, 1967. She left surviving her Byron D. Panter, a son, and Robert Wallace Flint, a son of a deceased daughter. Her will dated January 26, 1966, and a codicil dated May 13, 1966, were admitted to probate in the county court of Saline County, Nebraska, on August 9, 1967. Byron D. Panter is the executor and the sole beneficiary under the will and codicil.

On November 4, 1968, after a petition for final settle-

ment had been filed by the executor, Robert Wallace Flint filed his petition in the county court to vacate the decree admitting the will and codicil to probate.

The petition to vacate alleged that the will and codicil were the result of undue influence practiced upon the deceased by Byron D. Panter; that Robert Wallace Flint, the petitioner, had been informed by the deceased, before she entered the hospital in 1965, that she had made a will leaving one-half of her estate to the petitioner and the other one-half to Byron D. Panter for life with the remainder to the petitioner; that the petitioner did not know about the will and codicil executed in 1966 until after they had been admitted to probate; that the petitioner "believed, and was lead (led) to believe" that the will being offered for probate was the previous will of the deceased; and that the petitioner was misled by the failure of Byron D. Panter and his attorney to inform the petitioner that the will and codicil being offered for probate had been executed by the deceased in 1966.

On February 3, 1969, the county court sustained a general demurrer to the petition to vacate and dismissed the proceedings. The petitioner filed a notice of appeal to the district court on February 13, 1969. A transcript from the county court was filed in the district court on February 28, 1969.

On July 28, 1969, Byron D. Panter moved to dismiss the appeal because of the failure of the petitioner to plead. This motion was overruled, and on August 12, 1969, the petitioner filed an "Answer to Petition for Final Settlement" which contained allegations similar to those contained in the petition to vacate filed in the county court. A general demurrer to the answer was sustained on September 14, 1970.

The record shows that the petition for probate was filed in the county court on July 19, 1967. On the same day the court ordered that the petition be heard on August 9, 1967, and that notice be given as required by law. A notice of hearing was published as required by

section 30-217, R. R. S. 1943. On July 22, 1967, the attorney for Byron D. Panter, the proponent, filed his affidavit in the county court stating that he had mailed a copy of the notice of hearing to the petitioner as required by section 25-520.01, R. R. S. 1943. The notice recited that the petition for probate of the *will and codicil* of the deceased would be heard on August 9, 1967. The petitioner does not contend that he did not receive a copy of the notice of hearing.

It is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary. The petition must also show that the failure to obtain a just decision is not attributable to his own fault or negligence. Gleason v. Poore, 167 Neb. 312, 92 N. W. 2d 705; In re Estate of Reikofski, 144 Neb. 735, 14 N. W. 2d 379; Miller v. Estate of Miller, 69 Neb. 441, 95 N. W. 1010.

The petitioner in this case had notice that, in addition to the will, a codicil was being offered for probate. This was notice that the will which was being offered for probate had been changed in some particular. The distinguishing feature of a codicil is that it is an addition to or a qualification of a will. Owens v. Doyle, 152 Conn. 199, 205 A. 2d 495, 11 A. L. R. 3d 1006. A codicil may alter, enlarge, or restrain the provisions of a will. 94 C. J. S., Wills, § 1b, p. 678.

The circumstances in this case were sufficient to put the petitioner on inquiry after receiving the notice of hearing. A person exercising due diligence would have made further inquiry to determine what was being offered for probate. In re Estate of Reikofski, *supra;* Miller v. Estate of Miller, *supra.*

The petitioner relies upon Johnson v. Richards, 155 Neb. 552, 52 N. W. 2d 737, in which a petition to set aside a decree admitting a will to probate was held sufficient as against a demurrer. In the Johnson case the petition alleged that Richards had sent a copy of the will to the petitioners a few days before the hear-

ing and had advised them that it was in the process of being probated. The petitioners then wrote to Richards "immediately" requesting information as to the date of hearing. Richards did not answer the request. These circumstances were held to exempt the petitioners from a conclusion of negligence and an absence of diligence. There are no circumstances alleged in this case that show diligence on the part of petitioner.

The order of the district court sustaining the demurrer to the "answer" of the petitioner was correct. The judgment is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.